JUDGE BRODERICK

14 CV 1112

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK**

| | |
|---|---|
| ADVANCED ACCESS CONTENT SYSTEM LICENSING ADMINISTRATOR, LLC, | **CIVIL ACTION NO. _____** |
| Plaintiff, | |
| v. | **COMPLAINT** |
| LANNY SHEN d/b/a DVDFAB AND FENGTAO SOFTWARE INC., SUNREG TECHNOLOGIES LTD. d/b/a DVDFAB AND FENGTAO SOFTWARE INC., FENG TAO d/b/a DVDFAB AND FENGTAO SOFTWARE INC., SHEN XINLAN d/b/a AUDIO-DVD CREATOR, and JOHN DOE, JANE DOE and/or XYZ COMPANY d/b/a DVDFAB, RIPPERBLU-RAY.COM, DVDFABB.COM and DVDFFAB.COM, |  |
| Defendants. | |

Plaintiff ADVANCED ACCESS CONTENT SYSTEM LICENSING

ADMINISTRATOR, LLC ("Plaintiff" or "AACS LA") hereby files this Complaint for

trafficking in technology and products circumventing copyright protection systems against

Lanny Shen d/b/a DVDFab and Fengtao Software Inc., SunReg Technologies Ltd. d/b/a

DVDFab and Fengtao Software Inc., Feng Tao d/b/a DVDFab and Fengtao Software Inc., Shen

Xinlan d/b/a Audio-DVD Creator, and John Doe, Jane Doe and/or XYZ Company d/b/a

DVDFab, RipperBlu-ray.com, DVDFabb.com and DVDFfab.com (collectively, "Defendants" or

the "DVDFab Group"), on personal knowledge as to Plaintiff's own activities and on

information and belief as to the activities of others:

1

## NATURE OF THE ACTION

1.      This action arises under the Digital Millennium Copyright Act ("DMCA"), 17

U.S.C. § 1201, *et seq.*, and is based on Defendants' manufacturing of, importing of, offering to

the public, providing and otherwise trafficking in software products under the



trademark and trade name (specific products are listed in

paragraph 23 below and collectively referenced as the "DVDFab Software") that illegally

circumvent technological measures of the Advanced Access Content System ("AACS

Technology"), developed and licensed by AACS LA.  The AACS Technology is used to protect

motion pictures, television programming and other audiovisual content, embodied on high-

definition optical discs (the popular Blu-ray disc format and, formerly, HD DVDs) from

unauthorized access and unauthorized exercise of the copyright owners' rights under the

Copyright Act.

2.      The DVDFab Group admits – on its websites and in its product promotions – that

its software products are designed to "remove nearly all Blu-ray protections, no matter the old

ones or newly emerged ones, like all known AACS copy protections," and to permit a user to

"decrypt and copy any Blu-ray."  By using the DVDFab Group's software products, users can –

unlawfully and in contravention of the AACS Technology's protections – gain access to, and/or

make or distribute unauthorized copies and derivative works of, or publicly perform, motion

pictures and television programs released on Blu-ray discs.  Among other things, the DVDFab

Software allow users to remove all AACS Technology protections for the content on Blu-ray

discs, create a digital file copy of that high-definition quality content and then copy and

redistribute that digital file without authorization  to other users (such as through Internet

2

methods of distribution). Those copied digital files (which no longer have the protections of AACS Technology) can be copied and distributed on physical media and can be, and often are, widely and quickly distributed, through the Internet, including through Internet file-sharing sites and networks, cyberlockers and streaming sites, to large numbers of users worldwide, resulting in massive copyright infringement. Further, users can easily re-copy and redistribute the file, and play the content even on playback devices and media player software that are not authorized in the AACS content protection system.

3.      Defendants, knowing that their activities are illegal and to evade detection and reduce risk, have concealed their identities and use false business names and incomplete identification information in connection with their unauthorized manufacturing of, importing of, offering to the public, providing and trafficking in DVDFab Software. Defendants communicate with potential customers via their websites and/or by email without revealing their true physical addresses and/or identities.

4.      Plaintiffs now seek, *inter alia*, an order to disable certain websites; expedited discovery; preliminary and permanent injunctions; statutory damages; prejudgment interest; and attorneys' fees and costs of suit (including investigators' fees and costs), pursuant to 17 U.S.C. §1203.

## THE PARTIES

5.      Plaintiff ADVANCED ACCESS CONTENT SYSTEM LICENSING ADMINISTRATOR, LLC is a limited liability company, organized and existing under the laws of Delaware, having a principal place of business at 3855 SW 153rd Drive, Beaverton, Oregon 97006 USA.

6.      Defendant Lanny Shen d/b/a DVDFab and Fengtao Software Inc. is a business or an individual whose actual name is currently unconfirmed and true address is currently unknown and who, at all relevant times herein, has been engaged in the manufacturing of, importing of, offering to the public, providing and otherwise trafficking in software in violation of the DMCA in this judicial district and elsewhere throughout the United States.  This defendant's e-mail addresses include, but are not limited to lanny@dvdidle.com, lanny@sina.com and fengtao@dvdfab.com.  This defendant operates websites subject to the claims in this action at the following Uniform Resource Location ("URL"), among others: DVDFab.com, DVDFab.net and DVDIdle.com.

7.      Defendant SunReg Technologies Ltd. d/b/a DVDFab and Fengtao Software Inc. is a business or an individual whose actual name is currently unconfirmed and true address is currently unknown and who, at all relevant times herein, has been engaged in the manufacturing of, importing of, offering to the public, providing and otherwise trafficking in software in violation of the DMCA in this judicial district and elsewhere throughout the United States.  This defendant's e-mail addresses include, but are not limited to lanny_sh@hotmail.com and service@dvdfab.com.  This defendant operates websites at the following URLs , among others: 3d-video-converters.com, 3dBluRay-ripper.com, Blu-Ray-ripper.us, Blu-Ray-Software.us, BluRayripper.jp, BluRaysbs3d.com, BluRaysoft.jp, CopyBluRay.us, DVDFab.jp, DVDFab9.com, DVDvideosoft.jp, kopiersoftware.com, macBluRaycopy.com, mourlife.com, readtechnews.com, sbs3d.com, sbs3dconverter.com, sbs3dcopy.com, sbs3dripper.com, tracehotnews.com, videoconverter.jp, wollytech.com, xn--dvd-ti4bzc1jla2oj3ne.com, 2d-3d-converter.com, copyDVDsoftware.us, and sbs3dcreator.com.

4

8.     Defendant Feng Tao d/b/a DVDFab and Fengtao Software Inc. is a business or an individual whose actual name is currently unconfirmed and true address is currently unknown and who, at all relevant times herein, has been engaged in the manufacturing of, importing of, offering to the public, providing and otherwise trafficking in software in violation of the DMCA in this judicial district and elsewhere throughout the United States.  This defendant's e-mail addresses include, but are not limited to fengtao@dvdfab.com.  This defendant operates websites at the following URLs, among others: DVDFab.de.

9.     Defendant Shen Xinlan d/b/a Audio-DVD Creator is a business or an individual whose actual name is currently unconfirmed and true address is currently unknown and who, at all relevant times herein, has been engaged in the manufacturing of, importing of, offering to the public, providing and otherwise trafficking in software in violation of the DMCA in this judicial district and elsewhere throughout the United States.  This defendant's e-mail addresses include, but are not limited to lanny@sina.com, lanny_sh@hotmail.com and service@dvdfab.com.  This defendant operates websites at the following URLs, among others: 3d-video-converters.com, 3dBluRay-ripper.com, Blu-Ray-ripper.us, Blu-Ray-Software.us, BluRaysbs3d.com, CopyBluRay.us, DVDFab9.com, kopiersoftware.com, macBluRaycopy.com, mourlife.com, readtechnews.com, sbs3d.com, sbs3dconverter.com, sbs3dcopy.com, sbs3dripper.com, tracehotnews.com, wollytech.com, xn--dvd-ti4bzc1jla2oj3ne.com, 2d-3d-converter.com, copyDVDsoftware.us, Sbs3dcreator.com and audio-dvd-creator.com.

10.     Defendant John Doe, Jane Doe and/or XYZ Company d/b/a DVDFab, RipperBlu-ray.com, DVDFabb.com and DVDFfab.com is a business or an individual whose actual name and true address is currently unknown and who, at all relevant times herein, has been engaged in the manufacturing of, importing of, offering to the public, providing and trafficking in software

DWT 23016561v8 0098723-000001

in violation of the DMCA in this judicial district and elsewhere throughout the United States. This defendant's WhoIs information is hidden behind a privacy domain company, Domains By Proxy, LLC, but has a contact email listed as service@dvdfab.com and operates a website at the following URLs among others: ripperBluRay.com, DVDFabb.com and DVDFfab.com.

**JURISDICTION AND VENUE**

11.   This is an action for trafficking in devices designed, marketed and used for circumventing copyright protection systems in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.*

12.   This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a) and (b); and 17 U.S.C. §§ 1201 and 1203.

13.   Defendants are doing business in the State of New York and in this District and are subject to the jurisdiction of this Court.

14.   This Court has personal jurisdiction over Defendants in that they transact business in the State of New York and this District and have specifically marketed toward, offered to the public in, sold, distributed, provided, and otherwise trafficked products into the United States and this District. Defendants regularly conduct, solicit, or transact business in this District via their ecommerce websites, and have solicited consumers in this District; Defendants have accepted and fulfilled sales orders from consumers within this District; Defendants have offered to sell, have sold, have provided and have distributed DVDFab Software to consumers within this District; Defendants derive substantial revenue in interstate and/or international commerce; and Defendants regularly and systematically direct electronic activity into the State of New York through their fully interactive websites with the manifest

6

intent of engaging in business within this District. Alternatively, this Court has personal jurisdiction pursuant to Fed. R. Civ. P. 4(k)(2).

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 in that the Defendants are entities or individuals subject to personal jurisdiction in this District.

## BACKGROUND FACTS

16.     AACS LA is a cross-industry limited liability company that developed and licenses the Advanced Access Content System ("AACS") technology for the protection of audiovisual content on high-definition optical media, in particular Blu-ray discs. The members of AACS LA are eight companies: International Business Machines Corporation; Panasonic Intellectual Property Corporation of America; Microsoft Corporation; SCA IPLA Holdings; Toshiba America Information Systems, Inc.; Warner Bros. Entertainment, Inc.; Disney Worldwide Services, Inc.; and DCP, LLC. These eight companies, or their corporate affiliates, taken together span three different industries: motion picture content providers, consumer electronics manufacturers, and information technology companies.

### The AACS Technology and Content Protection System

17.     AACS LA has developed an integrated set of technological measures that protects motion pictures, television programming and other audiovisual content embodied on high-definition optical discs (Blu-ray discs and, formerly, HD DVDs) from unauthorized access, copying and distribution (collectively referred to as the "AACS Technology"). One significant feature of the AACS Technology is the use of encryption keys that are embedded in the content that is recorded onto the actual high-definition optical discs (Blu-ray discs and formerly, HD DVDs). These encryption keys can only be decrypted using AACS-licensed consumer electronic devices or AACS-licensed media player software products.

7

18.     AACS LA licenses the AACS Technology to motion picture studios and television programming owners, consumer electronics companies, computer software companies, and a large number of companies in related distribution and services industries.  Companies that prepare the media files for distribution and mass produce Blu-ray discs (and formerly HD DVDs) obtain an AACS Technology license to become "Licensed Content Producers."  Manufacturers of consumer electronic devices and computer software obtain an AACS Technology license in order to allow their playback devices (such as a Blu-ray disc player or major video game consoles) or their media player software (such as Cyberlink Corp.'s PowerDVD media player) to lawfully decrypt and play AACS-encrypted content embodied on Blu-ray discs (and formerly HD DVDs).  Along with AACS LA, these licensees form the "ecosystem" in which motion picture and television programming rights holders can distribute their content on Blu-ray discs for consumers to purchase or rent, and then view on playback devices or media player software (useable on computing devices), while having encryption measures in place to control access to and protect the copyright rights in such content (including by preventing unauthorized copying or redistribution of the content across the Internet or similar networks).

19.     The AACS Technology has been applied to pre-recorded Blu-ray discs distributed in the United States (and around the world) since February 2006.  The success of AACS LA's efforts is demonstrated by the fact that AACS Technology is currently licensed by over 1000 companies worldwide, and to date, more than 350 million authorized playback devices have been sold or distributed worldwide to consumers and more than 730 million Blu-ray discs have been sold worldwide protected by the AACS Technology.  Thus, Blu-ray discs and authorized playback devices are widely available to consumers and provide a popular system for consumers to enjoy motion pictures and television programming.

8

**The DVDFab Group**

20.     The DVDFab Group consists of a number of companies and individuals who, based on information and belief, are located and operate in China. The DVDFab Group engages in evasive tactics specifically designed to avoid the discovery of their members' true names and addresses. Despite these efforts, AACS LA has been able to link the members of the DVDFab Group together through their common illegal enterprise.

21.     The DVDFab Group owns and operates websites currently located at the following known domains: DVDFab.com, DVDFab.net, DVDIdle.com, 3d-video-converters.com, 3dBluRay-ripper.com, Blu-Ray-ripper.us, Blu-Ray-Software.us, BluRayripper.jp, BluRaysbs3d.com, BluRaysoft.jp, CopyBluRay.us, DVDFab.jp, DVDFab9.com, DVDvideosoft.jp, kopiersoftware.com, macBluRaycopy.com, mourlife.com, readtechnews.com, sbs3d.com, sbs3dconverter.com, sbs3dcopy.com, sbs3dripper.com, tracehotnews.com, videoconverter.jp, wollytech.com, xn--dvd-ti4bzc1jla2oj3ne.com, 2d-3d-converter.com, copyDVDsoftware.us, sbs3dcreator.com, DVDFab.de, audio-dvd-creator.com, ripperBluRay.com, DVDFabb.com and DVDFfab.com (the "DVDFab Domain Names"). The websites located or operated at those domain names are collectively referenced as the "DVDFab Websites". All of the active DVDFab Websites redirect to DVDFab.com for purposes of downloading the DVDFab Software.

22.     The DVDFab Websites bear sophisticated graphics to resemble legitimate businesses and bear normal indicia of security protection that would appear on a website selling legitimate software. Most of the DVDFab Websites use the English language and accept US currency and major credit cards (including Visa, MasterCard, American Express and Discover) as payment for the DVDFab Software. The DVDFab Group uses its network of DVDFab

Websites, as well as social media and online service accounts on Facebook, Twitter, YouTube, and Google+, to provide a further air of legitimacy and to promote the DVDFab Software globally and expansively.

## THE DVDFAB GROUP'S ILLEGAL CONDUCT

23.    Through the DVDFab Websites, the DVDFab Group offers to the public, provides and otherwise traffics in DVDFab Software throughout the world, including into the United States. The DVDFab Software includes the following: (1) DVDFab Blu-ray Ripper (3D plus); (2) DVDFab Blu-ray Copy; (3) DVDFab Blu-ray to DVD Converter; (4) DVDFab HD Decrypter; (5) Passkey for Blu-ray; and (6) Passkey Lite (collectively, these specifically listed products are the "DVDFab Software ").

24.    The DVDFab Software enables users to remove the AACS encryption protections from a Blu-ray disc and then copy the content on that disc onto another physical disc, which now is "in the clear" and has no AACS Technology protection against further reproduction or distribution, rip it to a digital file stored on a hard drive (and potentially copy and virally distribute that digital file, which now is also "in the clear," without authorization to large numbers of other users worldwide, including across Internet file-sharing sites and networks, cyberlockers and streaming sites) and/or play the disc on playback devices or media player software that do not have an AACS license.

25.    No person or entity in the DVDFab Group has an AACS Technology license, and none of the DVDFab Software products are authorized by AACS LA.

26.    AACS LA, through agents acting on its behalf, has acquired the DVDFab Software, downloaded the DVDFab Software in the United States, and conducted testing of the DVDFab Software. AACS LA's testing confirms that the DVDFab Software illegally decrypts

and removes AACS Technology protections, and circumvents the AACS Technology's technological measures that effectively control access to a work protected by the Copyright Act and that effectively protects a right of a copyright owner under the Copyright Act in a work or portion thereof (including the right to reproduce a copy of the work; to prepare derivative works; to distribute copies of the work; to publicly perform the work; and to publicly display individual images from the work). The DVDFab Group openly touts these illegal circumvention attributes of the DVDFab Software on the DVDFab Websites, advertising that, among other things, its software products "remove all Blu-ray copy protections," are "powerful enough to rip any Blu-ray since it can remove nearly all Blu-ray protections," and "can remove . . . all known AACS copy protections."

27.    There is a reasonable likelihood (if not certainty) of future illegal activity by the DVDFab Group if its trafficking in software products that circumvent the AACS Technology is left unaddressed.  In addition, by manufacturing, importing, offering to the public, providing and otherwise trafficking in the DVDFab Software that enable users to circumvent the AACS Technology, the DVDFab Group is causing damage and irreparable harm to AACS LA because AACS LA exists to create a safe environment for the lawful distribution and exploitation of copyrighted content on high-definition optical disc format (currently focused on Blu-ray discs). This in turn undermines the trust placed in AACS LA by the copyright owners and other members of the AACS "ecosystem" and the integrity of AACS LA's license agreements with the members of the AACS ecosystem and ultimately imperils the value of authorized Blu ray disc products as a valid delivery of copyrighted content.  If left unaddressed, DVDFab Group's actions will incentivize other companies to develop circumvention technologies.  It would be difficult, if not impossible, for AACS LA to quantify such harms in monetary terms.

DWT 23016561v8 0098723-000001

## COUNT I
## TRAFFICKING IN DEVICES IN VIOLATION OF 17 U.S.C. § 1201(a)(2)

28.     Plaintiff hereby incorporates the preceding paragraphs as if set forth fully herein.

29.     Section 1201(a)(2) of the DMCA, 17 U.S.C. § 1201(a)(2), provides, in pertinent part, that no person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that (A) is primarily designed for the purpose of circumventing a technological measure that effectively controls access to a work protected under the Copyright Act; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to a work protected under the Copyright Act; or (C) is marketed by that person or another acting in concert with that person with that person's knowledge for use in circumventing a technological measure that effectively controls access to a work protected under the Copyright Act.

30.     As detailed above, Plaintiff's AACS Technology consists of measures that effectively control access to works protected by the Copyright Act – namely, motion pictures and television programming content embodied on Blu-ray discs (and formerly, HD-DVDs).

31.     As detailed above, Plaintiff's AACS Technology consists of measures that require, in the ordinary course of their operation, the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to a copyrighted work stored on Blu-ray and other high-definition optical discs.

32.     Through manufacturing, importing, offering to the public, providing and otherwise trafficking in the DVDFab Software described above, Defendants have violated 17 U.S.C. § 1201(a)(2) in that, among other things, the DVDFab Software and/or individual

12

software applications within such packages (a) are primarily designed or produced for the purpose of circumventing the AACS Technology's measures that effectively control access to a copyright-protected work; (b) have only limited (or no) commercially significant purposes or uses other than to circumvent the AACS Technology's measures that effectively control access to a copyright-protected work; and/or (c) are marketed by Defendants and/or persons acting in concert with Defendants with Defendants' knowledge for use in circumventing the AACS Technology's measures that effectively control access to a copyright-protected work.

33.     Defendants violated 17 U.S.C. § 1201(a)(2) willfully and for purposes of direct or indirect commercial advantage or private commercial gain.

34.     Defendants' violations have injured, and will continue to injure Plaintiff causing and continuing to cause Plaintiff irreparable harm.

35.     Pursuant to 17 U.S.C. § 1203(c), Plaintiff is entitled to:  equitable relief; either actual damages plus any of Defendants' profits realized as a result of this unlawful conduct not counted therein or statutory damages of $200 to $2,500 per act of circumvention, device, product, component, offer, or performance of service in violation of 17 U.S.C. § 1201(a)(2), including each copy of each illegal individual software application in the DVDFab Software manufactured, imported, provided or distributed; reasonable attorney's fees; and costs (including investigator's fees and costs); in addition to all other relief to which Plaintiff may be entitled.

## COUNT II
## TRAFFICKING IN DEVICES IN VIOLATION OF 17 U.S.C. § 1201(b)(1)

36.     Plaintiff hereby incorporates the preceding paragraphs as if set forth fully herein.

37.     Section 1201(b) of the DMCA, 17 U.S.C. § 1201(b), provides, in pertinent part, that no person shall manufacture, import, offer to the public, provide, or otherwise traffic in any technology, product, service, device, component, or part thereof, that (A) is primarily designed

DWT 23016561v8 0098723-000001

for the purpose of circumventing protection afforded by a technological measure that effectively

protects a right of a copyright owner under the Copyright Act in a work or a portion thereof; (B)

has only limited commercially significant purpose or use other than to circumvent protection

afforded by a technological measure that effectively protects a right of a copyright owner under

the Copyright Act in a work or a portion thereof; or (C) is marketed by that person or another

acting in concert with that person with that person's knowledge for use in circumventing

protection afforded by a technological measure that effectively protects a right of a copyright

owner under the Copyright Act in a work or a portion thereof.

38.     As detailed above, Plaintiff's AACS Technology consists of technological

measures that effectively protect the rights of owners of copyright in works protected by the

Copyright Act – namely, motion pictures and television programming content embodied on Blu-

ray discs (and formerly, HD-DVDs).

39.     As detailed above, the AACS Technology, consists of technological measures

that, in the ordinary course of their operation, prevent, restrict, or otherwise limit the exercise of

a right of a copyright owner under the Copyright Act, by controlling or managing whether the

end user can reproduce copies of, prepare derivative works of, distribute, publicly perform,

and/or publicly display individual images of the copyright owner's work or portions thereof.

40.     Through manufacturing, importing, offering to the public, providing and

otherwise trafficking in the DVDFab Software, Defendants have violated 17 U.S.C. § 1201(b)(1)

in that, among other things, the DVDFab Software and/or individual software applications

therein (a) are primarily designed or produced for the purpose of circumventing the AACS

Technology's measures that effectively protect a right of a copyright owner under the Copyright

Act in a work or a portion thereof; (b) have only limited (or no) commercially significant

14

purposes or uses other than to circumvent the AACS Technology's measures that effectively

protect a right of a copyright owner under the Copyright Act in a work or a portion thereof; or (c)

are marketed by Defendants and/or persons acting in concert with Defendants with Defendants'

knowledge for use in circumventing the AACS Technology's measures that effectively protect a

right of a copyright owner under the Copyright Act in a work or a portion thereof.

41.     Defendants violated 17 U.S.C. § 1201(b)(1) willfully and for purposes of direct or

indirect commercial advantage or private commercial gain.

42.     Defendants' violations have injured, and will continue to injure Plaintiff causing

and continuing to cause Plaintiff irreparable harm.

43.     Pursuant to 17 U.S.C. § 1203(c), Plaintiff is entitled to: equitable relief; either

actual damages plus any of Defendants' profits realized as a result of this unlawful conduct not

counted therein or statutory damages of $200 to $2,500 per act of circumvention, device,

product, component, offer, or performance of service in violation of 17 U.S.C. § 1201(b)(1),

including each copy of an illegal individual software application in the DVDFab Software

manufactured, imported, provided or distributed; reasonable attorney's fees; and costs (including

investigator's fees and costs); in addition to all other relief to which Plaintiff may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AACS LA prays for judgment against Defendants as follows:

1.     That Defendants, their officers, agents, servants, employees, attorneys,

confederates, and all persons in active concert with them be permanently enjoined and restrained

from manufacturing, importing, offering to the public, providing, or otherwise trafficking in any

technology, product, service, device, component, or part thereof capable of circumventing the

AACS Technology – including but not limited to the DVDFab Software (the "Circumventing

Activities").

2.      That Defendants be ordered not to conduct or participate in any of the

Circumventing Activities through any website, social media or online service, or through any

offline means.

3.      That Defendants shall disable and cease use of the DVDFab Domain Names, the

DVDFab Websites, and the social media or online service accounts associated with, and any

pages, profiles, or channels located at, the following URLs: facebook.com/dvdfab,

twitter.com/DVDFabber, youtube.com/user/dvdfabber and plus.google.com/+dvdfabber (the

"DVDFab Social Media Accounts");

4.      That domain name registries and/or registrars, including but not limited to

VeriSign, Inc., Neustar, Inc., Afilias Limited, Nominet UK, Public Interest Registry, Japan

Registry Service Co., Ltd. (JPRS), DENIC Verwaltungs- und Betriebsgesellschaft eG (DENIC)

and/or the individual registrars holding or listing one or more of the DVDFab Domain Names be

required to disable such domain names, or any subset of the DVDFab Domain Names specified

by Plaintiff, through a registry hold or otherwise, and make them inactive and non-transferable.

5.      That domain name registries and/or registrars, including but not limited to

VeriSign, Inc., Neustar, Inc., Afilias Limited, Nominet UK, and Public Interest Registry and/or

the individual registrars holding or listing one or more of the DVDFab Domain Names be

required to transfer the DVDFab Domain Names, or any subset of such domain names specified

by Plaintiff, to a registrar to be appointed by Plaintiff to re-register the DVDFab Domain Names

in Plaintiff's name and under Plaintiff's ownership.

6.      That any third party service providers providing services to Defendants in

connection with any of the DVDFab Domain Names, the DVDFab Websites or the DVDFab

DWT 23016561v8 0098723-000001

Social Media Accounts, including without limitation, web hosting providers, social media or other online service providers (including without limitation, Facebook, Twitter, YouTube and Google+), back-end service providers, affiliate program providers, web designers, distributors, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), and any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions which receive or process payments or hold assets on Defendants' behalf (including without limitation, Avangate Inc., Avangate B.V., PayPal, Western Union, PayEase, IPS Ltd., Realypay, WorldPay, Opus Payments, Amazon Payments, WorldPay, Money Gram International, WebMoney, Visa, MasterCard, Discover, American Express, Visa Electron, Maestro, Solo, Laser, and Carte Bleue) for any Defendant or any of the DVDFab Domain Names or the DVDFab Websites, shall immediately cease or disable providing such services to:  (i) Defendants in relation to the DVDFab Software and/or any other products or services that circumvent the AACS Technology; and (ii) any and all of the DVDFab Domain Names, DVDFab Websites or DVDFab Social Media Accounts.

7.      That any third party persons or entities who are members or participants in Defendants' "DVDFab affiliate program" (whereby affiliates earn commissions by promoting or selling the DVDFab Software) and who receive actual notice of any order or judgment, shall immediately cease offering to the public, providing, promoting, selling or otherwise trafficking, on their websites or through any other means, in the DVDFab Software and/or any other products or services offered by Defendants that circumvent the AACS Technology.

8.      An award to AACS LA of damages it has sustained or will sustain by reason of the DVDFab Group's violations of 17 U.S.C. §§ 1201(a)(2) and/or 1201(b), all profits derived by

17

the DVDFab Group from such conduct, or in lieu thereof, should AACS LA so elect, such statutory damages as the Court shall deem proper as provided in 17 U.S.C. § 1203(c), including damages for each act of circumvention, device, product, component, offer or performance of service in violation of 17 U.S.C. §§ 1201(a)(2) and/or 1201(b), including each copy of an illegal individual software application in the DVDFab Software manufactured, imported, provided or distributed.

9.      That Plaintiff be awarded its reasonable attorneys' fees and costs (including investigators' fees and costs) incurred in this action in accordance with 17 U.S.C. § 1203.

10.     That Plaintiff be awarded prejudgment and post-judgment interest.

11.     That Plaintiff have such other and further relief as the Court may deem equitable.

Dated: New York, New York

February 21, 2014

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____

G. Roxanne Elings
(RoxanneElings@dwt.com)
George Wukoson
(GeorgeWukoson@dwt.com)
1633 Broadway, 27th Floor
New York, New York 10019
Telephone: (212) 489-8230
Facsimile: (212) 489-8340

(*pro hac vice* applications concurrently filed)
James D. Nguyen
(jimmynguyen@dwt.com)
Sean M. Sullivan
(seansullivan@dwt.com)
865 S. Figueroa Street, Suite 2400

18

Los Angeles, California 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899

*Attorneys for Plaintiff Advanced Access*
*Content System Licensing Administrator, LLC*

DWT 23016561v8 0098723-000001