

Nancy J. Mertzel
646.723.1069 direct
NMertzel@schoeman.com

May 5, 2014

**VIA ECF**

Honorable Vernon S. Broderick
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    Advanced Access Content System Licensing Administrator, LLC
               v. Lanny Shen et al.; Case No. 14 Civ. 1112 (VBS)

Dear Judge Broderick:

    We represent defendant Feng Tao d/b/a DVDFab and Fengtao Software in the above-referenced action. We write to request a pre-motion conference in anticipation of filing a motion to vacate the Clerk's entry of default in this matter.

    The default should be vacated because Defendant Tao did not wilfully default, there is no prejudice to Plaintiff, and Defendant Tao has a meritorious defense. *In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1138 (2d Cir. 1987). In deciding a motion to vacate a clerk's default, courts apply a more "lenient" standard than is used with regard to a motion to vacate a default judgment. *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).

    First, Defendant Tao did not willfully default in this matter. He is a Chinese national who was sued in a foreign country halfway around the world, and served by email with papers that were not written in his native language. When Mr. Tao learned of the action, he sought to engage counsel in the United States. He was unable to do so prior to the preliminary injunction hearing, but kept looking. Numerous firms were contacted, but they were either not qualified or declined the engagement due to conflicts with members of AACS-LA. By the time he secured counsel, it was too late to answer the Complaint on time. Mr. Tao's default is explained by his need to secure counsel in a foreign country. This explanation is reasonable and understandable, and far from egregious. *See SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (defaults are willful where "the conduct of counsel or the litigant was egregious and was not satisfactorily explained").

Hon. Vernon S Broderick
May 5, 2014
Page 2

Second, Plaintiff has not been prejudiced, and conceded the point by failing to even mention prejudice in its Memorandum in Opposition to Tao's motion to amend the injunction. (*See* Docket #35, p. 14). The only argument regarding prejudice Plaintiff could assert is delay, however, "delay alone is not a sufficient basis for establishing prejudice." *Cody v. Mello*, 59 F.3d 13, 16 (2d Cir. 1995).

Third, Defendant Tao has a meritorious defense, namely that Plaintiff seeks to apply the Copyright Act extraterritorially. As set forth in Defendant Tao's papers in connection with his motion to modify the injunction, the Copyright Act generally does not apply extraterritorially, and Plaintiff has not satisfied the exception that applies for infringement where there is a "step" or "predicate act" in the United States.

The Complaint alleges that Defendants' acts take place "throughout the world." (¶ 23). The allegations that the DMCA was violated are not limited geographically. (¶¶ 32, 40). Further, the relief that Plaintiff sought, which was largely granted in the Injunction, applies globally. However, for sales of the Accused Products outside the country, Plaintiff has not alleged the elements needed to satisfy the exception to the rule against extraterritoriality. Defendant Tao will show that the software was developed outside the United States, is sold from China, and is sold to customers who are not in the United States. Because such sales have no connection with the United States, Plaintiff's suit involves extraterritorial application of the Copyright Act. Also, Plaintiff has not even alleged that the Unrelated Products violate the DMCA, yet such sales were blocked.

The issue of extraterritoriality is considered as an element of Plaintiff's claim, rather than as a jurisdictional issue. *Litecubes, LLC v. N. Light Prods., Inc.*, 52 F.2d 1353, 1367 (Fed. Cir. 2008). Because it is an element of Plaintiff's claim, extraterritoriality is a meritorious defense. *See Roberts v. Keith*, 2009 WL 3572962, at *4-5, No. 04 Civ. 10079 (LAP) (S.D.N.Y. Oct. 23, 2009) (granting motion to dismiss where complaint failed to allege defendant engaged in infringing activity in the United States).

In seeking to vacate the default, Tao need not conclusively establish the validity of his defense. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Here, Tao's defense that the DMCA is being applied globally is legally sufficient to defeat Plaintiff's claim, at least in part, and Tao should not be precluded from asserting this defense, or being heard on his motion to modify the injunction, solely due to his inability to obtain counsel.

Accordingly, we request that the Court schedule a pre-motion conference to set a schedule for Tao's motion to set aside the entry of default.

Respectfully submitted,

*Nancy J. Mertzel*
Nancy J. Mertzel

NJM:ljk
cc: Counsel of Record (via ECF)