

27th Floor
1633 Broadway
New York, NY  10019-6708

G. Roxanne Elings
(212) 603-6416 tel
(212) 379-5226 fax

roxanneelings@dwt.com

May 8, 2014

BY ECF
Honorable Vernon S. Broderick, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Advanced Access Content System Licensing Administrator, LLC v. Shen, et al.
        Civil Action No. 14-cv-1112 (VSB)

Dear Honorable Judge Broderick:

      We write on behalf of our client and plaintiff Advanced Access Content System Licensing Administrator, LLC ("AACS LA") to oppose defendant Feng Tao d/b/a DVDFab and Fengtao Software's ("Feng Tao" or "Feng Tao Defendant") proposed motion to vacate the Clerk of Court's entry of default in this matter.

      The parties agree that three factors go to whether this Court should vacate the default: (1) willfulness of the default, (2) presentation of a meritorious defense, and (3) potential prejudice to the opposing party.[1]  "An absence of prejudice to the non-defaulting party would not in itself entitle the defaulting party to relief from the judgment" and "abuses of process may be prevented by enforcing those defaults that arise from egregious or deliberate conduct," thus "the district court [] has discretion to deny the motion to vacate if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense."[2]

      On the first factor, evidence of Feng Tao's willful default is overwhelming, and his unsubstantiated assertion to the contrary is incredible.  Before access to the Defendants' DVDFab Domain Names was disabled, neither Feng Tao Defendant nor any other defendant attempted to contact the Court or this party to address this action or the motion for preliminary injunction, despite admittedly having notice.  Instead, as more fully recounted in AACS LA's opposition to Feng Tao's motion,[3] Defendants undertook elaborate efforts to evade and frustrate effective enforcement of the Order while continuing to manufacture, market, offer to the public, and otherwise traffic in the DVDFab Software that circumvents AACS technology.  Defendants created new websites and communicated to customers through English-language forum posts and

---

[1] *Directv, Inc. v. Rosenberg*, No. 02 Civ. 2241, 2004 WL 345523, at *2 (S.D.N.Y. Feb. 24, 2004).
[2] *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998).
[3] *See* AACS LA's Memorandum of Law in Opp. to Feng Tao Defendant's Motion to Amend Injunction Pursuant to Rule 59(e), dated Apr. 21, 2014 [Doc. No. 35] ("AACS LA Opp. Br."), at 5-13.

DWT 24104051v5 0098723-000001

Anchorage  New York    Seattle
Bellevue   Portland    Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

Honorable Vernon S. Broderick
May 8, 2014
Page 2

emails that, despite having received the Preliminary Injunction Order, they would continue business as usual.[4] Defendants—through an anonymous person who identified himself only as "Frank"—even contacted AACS LA, not to advise that Defendants needed additional time to consult with an attorney, but to threaten to distribute the DVDFab software for free (in order to further harm AACS LA) if AACS LA did not capitulate.[5] Feng Tao now states—unsworn despite his simultaneous submission of a sworn declaration[6]—that his default is due to delays in his efforts to secure counsel. Even if this claim were credible and true, Feng Tao's inability to hire counsel is inexcusable and allows a finding of willful default where he made no effort to appear *pro se* or to contact AACS LA in a forthright manner (such as to request an extension).[7]

As to the second factor, Feng Tao has not presented a meritorious defense. Feng Tao admits that "he has not contested the Injunction insofar as it relates to sales to the United States" and that his arguments would "defeat Plaintiff's claim" only "at least in part."[8] But the relevant law holds that a defense is meritorious only when the "evidence submitted, if proven at trial, would constitute a complete defense."[9] Feng Tao has also failed, as a "defendant seeking to vacate an entry of default must" do, to "present some evidence beyond conclusory denials to support [any part of] his defense."[10] Indeed, Feng Tao's request to set aside the default appears to come as an after-thought— only in response to controlling law set forth in AACS LA's Opposition, that Feng Tao "cannot elect to default and then defend on the merits"[11]—in his quest to strip out all of the third-party service provider provisions of the Preliminary Injunction Order (other than those applying to registries of the four .us domains),[12] which effectively enforced the Order and prompted Feng Tao's appearance to begin with.

Even now, Feng Tao appears before this Court—despite having submitted a declaration—only under a cloak of anonymity, failing to identify with any particularity, himself, Feng Tao Software or his relationship to each of the named defendants or DVDFab Websites.

---

[4] AACS LA Opp. Br. at 5-13; Declaration of Matthew Hewlett, dated Apr. 21, 2014 [Doc. No. 33] ("Apr. 21 Hewlett Decl.") ¶¶ 6-22, Exs. A-S.
[5] AACS LA Opp. Br. at 13; Declaration of George P. Wukoson, dated April 21, 2014 [Doc. No. 34] ("Wukoson Decl."), ¶ 5.
[6] *See, e.g.*, Declaration of Feng Tao, dated May 5, 2014 [Doc. No. 40] ("Tao Decl.").
[7] *King v. Galluzzo Equip. & Excavating Inc.*, 223 F.R.D. 94, 98 (E.D.N.Y. 2004)
[8] Feng Tao Defendant Reply Memorandum of law in Support of Motion to Amend Injunction Pursuant to Rule 59(e), dated May 5, 2014 [Doc. No. 39] ("Feng Tao Reply Br."), at 7; May 5, 2014 Feng Tao Defendant letter to Hon. Judge Broderick [Doc. No. 38] at 2.
[9] *Directv*, 2004 WL 345523, at *3 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).
[10] *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).
[11] *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 64 (2d Cir. 1971), *rev'd on other grounds sub nom Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973); *see also* AACS LA Opp. Br. at 13-15.
[12] Tao Decl. ¶ 12; Feng Tao Reply Br. at 4, 13.

The sole purpose of his declaration is an effort to prove the harm he purports to have suffered from the Preliminary Injunction Order. Feng Tao's effort falls far short in that his statements—that the Preliminary Injunction Order harms him by preventing his sales of (1) the DVDFab Software circumventing AACS technology outside the United States and (2) the Additional Products throughout the world, including in the United States[13]—are merely conclusory and are not cognizable by the Court. Thus, in the event this Court exercises its discretion to vacate the default, AACS LA would welcome the opportunity to respond to a bona fide defense—substantiated by fully set-out facts rather than in conclusory terms—put forth by Feng Tao and to obtain discovery from him, assuming his good faith participation in litigation.

In the meantime, however, Feng Tao cannot appear anonymously and "have [his] cake and eat it too."[14] AACS LA requests that this Court allow immediate expedited discovery into Feng Tao's identity, the identity of Feng Tao Software, their relationship to the named Defendants, as well as the nature and volume of Defendants' business and sales. Only then can AACS LA hope to begin to address the irreparable harm it has suffered and continues to suffer through Defendants' manufacture, marketing and distribution of the DVDFab Software. Indeed, all of the DVDFab Websites admittedly advertised, provided and/or sold the DVDFab Software into the United States. The only check on that activity was third-party service providers' compliance with the Preliminary Injunction.[15] DVDFab Group's new websites continue to do the same. Those websites are accessible in the United States and continue to advertise and offer DVDFab Software to the public in the United States.[16] U.S. customers owning licenses to DVDFab Software continue to receive updates, including new encryption keys necessary to continued circumvention.[17] Feng Tao has no legitimate interest in such sales, which violate a multitude of treaties and harmonizing laws throughout the world, including in China, the European Union, Germany and Japan and—as to Additional Products—circumvent CSS protections on DVDs and thus violate the anti-circumvention provisions of the DMCA or otherwise perform secondary functions complementary to that circumvention or the circumvention of AACS technology.[18]

---

[13] Tao Decl. ¶ 19; Feng Tao Reply Br. at 5-6.
[14] *Trans World Airlines*, 449 F.2d at 64 (internal quotation marks omitted).
[15] Wukoson Decl. ¶¶ 4, 6-9; Apr. 21 Hewlett Decl. ¶6.
[16] Apr. 21 Hewlett Decl. ¶¶ 7, 11, Exs. C-F.
[17] Apr. 21 Hewlett Decl. Exs. N (announcing DVDFab Group had released an update to its software "which should update the software to work with the new domain names") & Q ("All the existing customers performing updates shall get DVDFab 9 back again, with identical capacities as you always have, although we will not sell DVDFab 9 to new customers any more. This means, we will continue updating DVDFab 9 for existing customers in the future. Your lifetime licenses shall never expire!").
[18] AACS LA Opp. Br. at 19-20.

Honorable Vernon S. Broderick
May 8, 2014
Page 4

                    Respectfully submitted,

                    Davis Wright Tremaine LLP

                    */s/ G. Roxanne Elings*

                    G. Roxanne Elings