UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED ACCESS CONTENT SYSTEM LICENSING ADMINISTRATOR, LLC,<br><br>       Plaintiff,<br><br> v.<br><br>LANNY SHEN d/b/a DVDFAB AND FENGTAO SOFTWARE INC., SUNREG TECHNOLOGIES LTD. d/b/a DVDFAB AND FENGTAO SOFTWARE INC., FENG TAO d/b/a DVDFAB AND FENGTAO SOFTWARE INC., SHEN XINLAN d/b/a AUDIO-DVD CREATOR, and JOHN DOE, JANE DOE and/or XYZ COMPANY d/b/a DVDFAB, RIPPERBLU-RAY.COM, DVDFABB.COM and DVDFFAB.COM,<br><br>       Defendants. | Civil Action No.<br>14 Civ. 1112 (VSB)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY <u>PRELIMINARY INJUNCTION</u>** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iv

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 2

I. BACKGROUND ON BLU-RAY .................................................................................... 2

II. THE ADDITIONAL ACCUSED PRODUCTS, WEBSITES AND DOMAIN
NAMES ............................................................................................................................. 2

    A. BLUFAB ............................................................................................................... 2

    B. WOOOKAO ......................................................................................................... 3

    C. BOOOYA.COM .................................................................................................... 3

    D. BOOOYA.ORG .................................................................................................... 4

    E. TDMORE ............................................................................................................. 4

III. AACS' KNOWLEDGE OF DVDFAB ........................................................................... 4

ARGUMENT ................................................................................................................................ 5

I. PLAINTIFF HAS FAILED TO ESTABLISH IRREPARABLE INJURY ................. 5

    A. Plaintiff Has Not Shown It Will Be Irreparably Injured .................................. 5

    B. Plaintiff's Delay Shows There Is No Irreparable Injury ................................... 7

II. PLAINTIFF HAS FAILED TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE
MERITS ............................................................................................................................ 8

    A. Plaintiff Failed To Establish Likelihood Of Success With Regard To Sales
Outside The United States .................................................................................. 8

    B. Plaintiff Has Failed To Establish A Likelihood Of Success With Regard To
Additional Programs, Websites And Domains ................................................ 11

        1. AACS Has Not Established That The BluFab Software Circumvents
AACS Technology ................................................................................. 11

        2. AACS Has Not Shown That FTS Is Offering, Providing Or Trafficking In
The Woookao Program Or The Boooya.com Program ..................... 12

        3. FTS Is Not Directing The Boooya.Org Program To The United States .... 13

    4. The TdMore Programs Were Not Created Or Produced Primarily To Circumvent AACS ................................................................................................. 13

  C. FTS Has A First Amendment Right To Reference The Woookao Program .......... 14

CONCLUSION .............................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Capitol Records v. Mercury Records Corp.*, 221 F.2d 657 (2d Cir. 1955) ................................. 9

*Centrifugal Force, Inc. v. Softnet Communication, Inc.* 2009 WL 1059647
   (S.D.N.Y. Apr. 17, 2009) ........................................................................................ 11

*Citibank, N.A. v. Citytrust*, 756 F.2d 273 (2d Cir. 1985) ........................................................ 8

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) ..................................................... 6

*Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119 (2d Cir. 1994) ........................... 5

*Goldberg v. Kelly*, 397 U.S. 254 (1970) ............................................................................ 13

*Grannis v. Ordean*, 234 U. S. 385 (1914) ......................................................................... 13

*Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S.Ct. 1351 (2013) ................................................ 9

*Life Techs. Corp. v. AB Sciex Pte. Ltd,* No. 11 Civ. 325, 2011 WL 1419612
   (S.D.N.Y. Apr. 11, 2011) ........................................................................................... 8

*RealNetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913 (N.D. Cal. 2009) .......... 6

*Robert Stigwood Group Ltd. v. O'Reilly v. Contemporary Mission Inc.,* 530 F.2d 1096
   (2d Cir. 1975) ........................................................................................................... 9

*Roberts v. Keith*, 2009 WL 3572962 (S.D.N.Y. Oct. 23, 2009) ............................................ 10

*Silber v. Barbara's Bakery, Inc.*, 950 F.Supp.2d 432 (E.D.N.Y. 2013) ................................... 8

*United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.* 216 F. Supp. 2d 198
   (S.D.N.Y. Mar. 11, 2002) ......................................................................................... 10

*Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp.2d 294 (S.D.N.Y. 2000) ......... 7, 12, 14

*Universal Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001) ....................................... 12, 14

*Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137 (2d Cir. 2005) ............................ 8

*Well Made Toy Mfg. Corp. v. Lotus Onda Industrial Co., Ltd.*, 2003 WL 42001
   (S.D.N.Y. Jan. 6, 2003) .......................................................................................... 5, 9

**Federal Statutes**
Fed. R. Civ. P. 65 (a) ............................................................................................... 15, 16

**Other Authorities**
Parrish, Austen, *The Effects Test: Extraterritoriality's Fifth Business*, 61 VAND. L. REV.
1455 (2008)                                                                                                14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADVANCED ACCESS CONTENT SYSTEM LICENSING ADMINISTRATOR, LLC,<br><br>        Plaintiff,<br><br> v.<br><br>LANNY SHEN d/b/a DVDFAB AND FENGTAO SOFTWARE INC., SUNREG TECHNOLOGIES LTD. d/b/a DVDFAB AND FENGTAO SOFTWARE INC., FENG TAO d/b/a DVDFAB AND FENGTAO SOFTWARE INC., SHEN XINLAN d/b/a AUDIO-DVD CREATOR, and JOHN DOE, JANE DOE and/or XYZ COMPANY d/b/a DVDFAB, RIPPERBLU-RAY.COM, DVDFABB.COM and DVDFFAB.COM,<br><br>        Defendants. | Civil Action No.<br>14 Civ. 1112 (VSB)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY PRELIMINARY INJUNCTION** |

    Defendant Feng Tao d/b/a Fengtao Software ("FTS" or "Defendant"), by his undersigned attorneys, submits this memorandum of law and the accompanying Declaration of Feng Tao dated October 30, 2014 ("Feng Decl.") in opposition to plaintiff's motion to modify the preliminary injunction, brought by Order to Show Cause.

## PRELIMINARY STATEMENT

    Plaintiff Advanced Access Content System Licensing Administrator, LLC ("AACS") seeks to dramatically expand the scope of the preliminary injunction in place in this case to include additional programs, websites and domain names (the "Additional Items") that are not owned or controlled by FTS, do not circumvent AACS technology, or should be permitted because they have substantial non-infringing uses.

**FACTUAL BACKGROUND**

I. **BACKGROUND ON BLU-RAY**

Blu-ray is an abbreviation for the Blu-ray disc data storage format. Like DVDs, Blu-ray discs are plastic discs that can store information. Blu-ray discs offer much larger storage capacity than DVDs and are commonly used for demanding storage needs such as high definition ("HD") video. AACS does not own or control use of the Blu-ray disc format. Feng Decl. ¶ 2 and Ex. 1 thereto.

Not all Blu-ray discs are protected by AACS technology. Users can purchase blank Blu-ray discs, save their own high definition videos or other large files to these discs, and copy and convert such content to other formats. There are many articles on the Internet that instruct users on how to create their own Blu-ray discs. Feng Decl. ¶3 and Ex. 2 thereto. Additionally, Blu-ray burners are widely available for purchase. *Id*. at ¶3 and Ex. 3 thereto.

II. **THE ADDITIONAL ACCUSED PRODUCTS, WEBSITES AND DOMAIN NAMES**

   A. **BLUFAB**

None of the BluFab software programs available on BluFab.com circumvent AACS technology. There is nothing on the BluFab.com site that says the programs circumvent AACS. The fact that BluFab programs do not circumvent AACS is well-known on the Internet. Feng Decl. ¶5 and Ex. 4 thereto. AACS has not provided any justification for including the BluFab software and BluFab website in its request to expand the Injunction.

For example, BluFab DVD Copy and BluFab CVD Converter do not work with Blu-ray and cannot circumvent AACS. BluFab Blu-ray Converter and BluFab Blu-ray Copy do work with Blu-ray, however, they do not circumvent AACS. BluFab Blu-ray

2

Converter and BluFab Blu-ray Copy allow users to copy and convert Blu-ray discs that are not protected by AACS, such as HD home movies.  Feng Decl. ¶6.

### B.   WOOOKAO

The Woookao program is a third party program that FTS did not create, does not own or control, and does not sell or distribute.  At one time somebody took a copy of Passkey Lite, renamed the file Woookao and uploaded it to the Internet.  The file properties referenced Passkey Lite and had an FTS Copyright Notice because this was FTS' program that had been renamed.  That program was revised and replaced with a different program called Woookao. FTS does not offer Passkey Lite using the name Woookao, and the program available on the Woookao site is not Passkey Lite.  Feng Decl. ¶7.

FTS does not own or control the website located at woookao.com (which redirects visitors to woookao.cn), or the website located at woookao.cn.  FTS does not own or control the domain names woookao.com or woookao.cn.  Feng Decl. ¶8.

### C.   BOOOYA.COM

The addinsetup.exe program available at boooya.com is a third party program that FTS did not create, does not own or control, and does not sell or distribute.  FTS does not own or control the website located at boooya.com or the domain name boooya.com.  Feng Decl. ¶9.

### D.   BOOOYA.ORG

The addon.exe program available at Boooya.org is not intended for United States users.  FTS has removed the English language page from boooya.org.  Feng Decl. ¶11 and Exhibit 5 thereto.  FTS is in the process of implementing IP address blocking for U.S. computers that access boooya.org, and expects it to be completed within the next few days.  The program was created in China, is sold from China and is intended for users outside of the United States.  Feng Decl. ¶10.

The similarities between the Boooya.com and Boooya.org websites and the similarities between the Boooya websites and the Woookao websites are unrelated to circumvention of AACS. Even if two websites appear to be similar, that similarity in no way indicates that the programs available on the websites are the same. Feng Decl. ¶11.

### E.     TDMORE

The TDMore programs available at TDMore.com were not created or marketed primarily for AACS circumvention. AACS is not mentioned on the TDMore.com home page or the Blu-ray product pages. Instead, the programs were created to provide users with a wide variety of features for disk copying and conversion. For example, the TDMore DVD Copy program and the TDMore DVD Converter program do not work on Blu-ray discs, and consequently cannot circumvent AACS technology. Feng Decl. ¶12.

The TDMore Blu-ray Copy and TDMore Blu-ray Converter programs provide numerous features unrelated to AACS circumvention. As mentioned above, not all Blu-ray discs are protected by AACS technology. These programs can be used to copy and convert non-AACS content, such as user generated movies stored on Blu-ray discs. Feng Decl. ¶13.

To avoid future issues, FTS is removing AACS circumvention from the TDMore programs. Feng Decl. ¶14.

### III.    AACS' KNOWLEDGE OF DVDFAB

AACS has known about DVDFab since 2009. Decl. of Donald Leake Jr. dated February 11, 2014, ¶ 11. Plaintiff took no action other than its unsuccessful self-help efforts. *Id*. at ¶¶ 11-15. AACS was aware that its self-help efforts were unsuccessful, but did not take legal action. *Id*. AACS has known since October 2013 that Avantgate was processing orders for DVDFab. Hewlett Declaration dated February 19, 2014, Ex. C, pp. 5-14.

4

Plaintiff's investigator downloaded the Woookao program and observed the properties for the file on May 29, 2014. *See* Hewlett Decl. dated October 3, 2014 ("Hewlett Decl."), Ex. D, pp. 1-8. When the investigator installed the Woookao program, he noticed the properties information. Hewlett Decl. ¶ 11. The Facebook posting that AACS referenced as providing a link to a tutorial on how to install Woookao was dated July 8, 2014. Hewlett Decl. Ex. C, pp. 5-6.

## ARGUMENT

It is well established that in order to obtain a preliminary injunction, plaintiff must establish (1) irreparable harm; and (2) either (a) probable success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation, with the balance of hardships tipping decidedly in favor of the party requesting preliminary relief. *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 122 (2d Cir. 1994).

However, Plaintiff's papers in support of its motion to expand the Injunction to include the Additional Items do not make any showing of likelihood of success on the merits, or of irreparable injury. As set forth herein, Plaintiff has failed to demonstrate sufficient grounds for expanding the Injunction. Accordingly, its motion should be denied.

## I. PLAINTIFF HAS FAILED TO ESTABLISH IRREPARABLE INJURY

### A. Plaintiff Has Not Shown It Will Be Irreparably Injured

Plaintiff has failed to establish that the Additional Items are causing injury to plaintiff that cannot be satisfied by money damages. Unlike most copyright plaintiffs, AACS is not seeking to prevent reproduction, distribution or public performance of its own copyrightable works. Rather, plaintiff seeks relief for harm to its business model, which generates revenues by licensing its anti-circumvention technology to studios and other copyright owners. Compl. ¶ 16; Decl. of Donald Leake, Jr. dated February 11, 2014, ¶ 3 (AACS' objectives include creating new business models to exploit HD copyrighted content).

5

Information about the fees that AACS charges participants such as movie studios, and adopters, such as hardware manufacturers, is set forth in AACS license agreements available at http://www.aacsla.com/license/.

Plaintiff has not cited, and defendant has not located, a single case where a court found that harm to a licensing entity that allegedly lost sales due to its customer's dissatisfaction with the quality of its technology was held to constitute irreparable injury to the licensing agency sufficient to justify an injunction. The closest discussion defendant has located is found in *RealNetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 943 (N.D. Cal. 2009), where the court expressly rejected any harm to the business model of the DVD Copy Control Association, Inc. ("DVD CCA"), a licensing agency for DVD copy control technology. Analyzing RealNetworks' fair use defense, the court held as follows:

> The court finds the DVD CCA's argument that its business model relies on CSS licensing and any purported "fair use" copies of CSS-protected DVD content would destroy the veritable *raison d'etre* of the DVD CCA unpersuasive. The purpose of copyright law, and the fair use that copyright law embodies as an exception to protection, is not to protect the business model of any particular company. The court will not hold that consumers do not have the "fair use" right to make copies of CSS-protected DVD content simply because the DVD CCA would be harmed by such use of its licensed works.

Although the court enjoined RealNetworks' use, it did so based upon a presumption of irreparable injury "to the Studios," who were also plaintiffs in the case. *Id.* at 953. Here, in what appears to be a case of first impression, plaintiff has filed suit as a sole plaintiff, without joining any of the copyright owners whose works are purportedly protected by AACS technology.

The *RealNetworks* decision is also inapposite to the extent that it relied upon a presumption of irreparable injury. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006) (rejecting presumption of irreparable injury in patent cases); *Salinger v. Colting*, 607

6

F.3d 68, 82 (2d Cir. 2010) (holding that courts must not presume irreparable harm in copyright cases).

Plaintiff also cannot rely upon *Universal City Studios, Inc. v. Reimerdes*, 111 F. Supp.2d 294 (S.D.N.Y. 2000) ("*Reimerdes II*") to support its argument of irreparable injury. In that case, the plaintiffs were studios who owned copyright in motion pictures. The harm that the court found difficult to calculate involved harm to the owners of the copyrighted motion pictures, not harm to the licensing entity. *See Reimerdes II*, at 343-344 (discussing, *inter alia,* movie attendance, sales of motion picture rights and DVD sales).

### B. Plaintiff's Delay Shows There Is No Irreparable Injury

Plaintiff's assertions of urgency are undermined by its own papers. Plaintiff's investigator downloaded the Woookao program and observed the properties for the file on May 29, 2014 – more than four months before plaintiff requested an order to show cause on October 3. *See* Hewlett Decl. dated October 3, 2014 ("Hewlett Decl."), Ex. D, pp. 1-8. The investigator's declaration confirms that when he installed the Woookao program, he noticed the properties information. Hewlett Decl. ¶ 11. Similarly, the Facebook posting that AACS referenced as providing a link to a tutorial on how to install WoooKao was dated July 8. Hewlett Decl. Ex. C, pp. 5-6. Despite this knowledge, AACS did not contact defendant, its counsel or file papers with the court until it presented its proposed order to show cause three months later, on October 3, 2014.

Plaintiff's delay in seeking to expand the injunction is consistent with its delay in this case. DFDFab has been on the market since 2007. AACS has been aware of the program since at least 2009. Leake Decl. ¶ 11. Plaintiff was aware that DVDFab was using a United States based payment processor named Avantgate since 2011, and learned that Avantgate was continuing to process payments for DVDFab in October 2013. Hewlett

7

Decl. Ex. C, pp. 5-14.  Inexplicably, plaintiff did not commence this action until a year later when it filed an ex parte order to show cause.

Delay of this magnitude undermines any claim of irreparable injury.  *See Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (holding that significant delay alone "may justify denial of a preliminary injunction for trademark infringement").  In the Second Circuit, delays of as little as ten weeks have been found sufficient to defeat the previously available presumption of irreparable injury.  *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144 (2d Cir. 2005).  "Courts typically decline to grant preliminary injunctions in the face of delays of more than two months."  *Life Techs. Corp. v. AB Sciex Pte. Ltd,* No. 11 Civ. 325, 2011 WL 1419612, at *7–8 (S.D.N.Y. Apr. 11, 2011) (Holwell, J.) (internal editing and quotation marks omitted).  *See Silber v. Barbara's Bakery, Inc.*, 950 F.Supp.2d 432, 439 (E.D.N.Y. 2013) (summarizing cases).

## II.     PLAINTIFF HAS FAILED TO ESTABLISH A LIKELIHOOD OF SUCCESS ON THE MERITS

### A.     Plaintiff Failed To Establish Likelihood Of Success With Regard To Sales Outside The United States

By its motion, plaintiff seeks a worldwide injunction that would prevent FTS from selling its software from China to overseas purchasers.  The requested expansion is not limited to acts that take place in the United States, and seeks to shut down programs, websites and domain names that are used for overseas sales.

Plaintiff's business is analogous to selling locks.  In order to obtain a preliminary injunction, it must establish that it will be irreparably damaged by the manufacture and sale of tools to pick its locks, where the manufacture and sale of the tools takes place wholly outside of the United States.  Plaintiff has utterly failed to meet its burden.

8

Plaintiff's motion should be denied to the extent that plaintiff seeks a worldwide injunction, because the Copyright Act does not apply extraterritorially. *Kirtsaeng v. John Wiley & Sons, Inc.*, 133 S.Ct. 1351, 1376 (2013), Ginsberg, J. dissenting (citations omitted) ("The Copyright Act, it has been observed time and again, does not apply extraterritorially."); 7 Patry on Copyright, § 25:88 ("Acts committed overseas are never governed by the U.S. Copyright Act because the Act is not extraterritorial.").

Nearly sixty years ago, the Second Circuit recognized that the former Copyright Act does not apply extraterritorially. "Then too the rule that we are adopting is in harmony with the settled law that a copyright has no extra-territorial effect. Until we have a uniform international law of literary property, it will be much more convenient to determine the effect of each act by the law of the place where the right of property is sought to be exercised." *Capitol Records v. Mercury Records Corp.*, 221 F.2d 657, 662 (2d Cir. 1955) (internal citations omitted).

Similarly, the Second Circuit affirmed a final judgment on copyright damages for performances of the show Jesus Christ Superstar, finding that the court "properly excluded the Canadian performances." *Robert Stigwood Group Ltd. v. O'Reilly v. Contemporary Mission Inc.,* 530 F.2d 1096, 1101 (2d Cir. 1975) ("Copyright laws do not have extraterritorial operation.").

The same is true under the current Copyright Act. *See Well Made Toy Mfg. Corp. v. Lotus Onda Industrial Co., Ltd.*, 2003 WL 42001, at *5 (S.D.N.Y. Jan. 6, 2003) ("Infringing acts which take place entirely outside of the United States are not actionable under United States copyright laws. A finding of direct infringement under United States copyright law must be based, at least in part, on a predicate infringing act in the United States.").

9

Plaintiff's reliance upon the predicate act of infringement exception to the rule against extra-territoriality is unfounded. "For the exception to apply, a plaintiff must show that the conduct (1) took place in the United States and (2) was in violation of the Copyright Act." *Roberts v. Keith*, 2009 WL 3572962, at *4 (S.D.N.Y. Oct. 23, 2009). With regard to sales that take place wholly outside of the United States, plaintiff has not alleged or shown a predicate act of infringement *in the United States* sufficient to warrant extraterritorial application of the Copyright Act. Accordingly, plaintiff's motion should be denied to the extent that plaintiff seeks a worldwide injunction.

As set forth in the accompanying declaration of Feng Tao, the Boooya.org program was developed in China and is sold from China. The web page is in Chinese. Plaintiff is asking this Court to enjoin sales of software developed outside the United States, offered for sale from a location outside the United States, and offered to customers located outside the United States. Such "purely extraterritorial conduct … is itself non actionable." NIMMER ON COPYRIGHT § 17.02 p. 17-20.

Moreover, plaintiff's request to enjoin extra-territorial conduct should not be permitted on the grounds that the acts abroad are somehow "felt" within the United States. Plaintiff has cited no binding Second Circuit authority for the proposition that conduct that takes place entirely outside the United States can be enjoined merely because the acts are "felt" within the United States. Further, the language plaintiff cited to support this proposition is dicta, because each of the cases referenced involved copyright infringement in the United States. For example, *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.* involved infringing cartoons posted on the internet that were available to computers within the United States. 216 F. Supp. 2d 198, 225 (S.D.N.Y. Mar. 11, 2002). Similarly, in *Centrifugal Force, Inc. v. Softnet Communication, Inc.*, the plaintiff sued for directly infringing copyright in the State of New York, and alleged that the defendant

10

created, developed, promoted, marketed, sold and otherwise released the infringing software into the United States. 2009 WL 1059647 (S.D.N.Y. Apr. 17, 2009) (noting that defendant would have a point if plaintiff sought to recover for an act that was solely committed abroad). Because each of the cited cases using the acts "felt" in the United States standard involved actual conduct that took place in the United States, the holdings are merely dicta.

Plaintiff's attempt to expand the bounds of United States copyright law should not be condoned. As Professor Parish has explained, the "effects test" is dangerous and likely to lead to "a significant threat to long-term American interests." Austen Parrish, *The Effects Test: Extraterritoriality's Fifth Business*, 61 VAND. L. REV. 1455, 1483-1494 (2008) (explaining that extraterritoriality is irreconcilable with democratic principles, creates piecemeal solutions, is perceived as illegitimate, and may result in foreign retaliation).

Assuming arguendo that the harm "felt" test justified enjoining wholly extraterritorial activities, plaintiff has not provided any evidence in this case that any harm is being felt in the United States as a result of defendants sales from China to locations outside the United States, let alone that it is being irreparably injured by such harm. Accordingly, plaintiff's motion should be denied.

  **B.**  **Plaintiff Has Failed To Establish A Likelihood Of Success With Regard To The Additional Programs, Websites and Domains**

Plaintiff has failed to demonstrate that it is likely to succeed in establishing that the Additional Accused Programs and websites should be enjoined.

    **1.**  **AACS Has Not Established That The BluFab Software Circumvents AACS Technology**

None of the BluFab Software programs available on BluFab.com circumvent AACS, and the BluFab website never claims that it does. This is well-known on the

Internet.  Feng Decl. ¶5, and Ex.4.  Given the degree to which AACS has been monitoring defendants, AACS knew or should have known that BluFab does not circumvent AACS.

Accordingly, AACS' request to expand the Injunction to include the BluFab Software (BluFab Blu-ray Converter, BluFab Blu-ray Copy, or BluFab Blu-ray to DVD Converter), and the domain names BluFab.com or BluFab.cn, is wholly without merit, and should be denied.

### 2. AACS Has Not Shown That FTS Is Offering, Providing or Trafficking In The Woookao Program Or The Boooya.com Program

FTS is not offering, providing or trafficking in the Woookao program or the addinsetup.exe program available at boooya.com.  Accordingly, AACS's request that this Court enjoin the programs and domain names should be denied.  *See Universal City Studios, Inc. v. Reimerdes*, 111 F.Supp.2d 346, 325 (S.D.N.Y. 2000) ("*Universal II*") *aff'd sub nom. Universal Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001) (defining offer, provide or otherwise traffic in technology).

In lieu of providing evidence that FTS owns the Woookao program or the domain names for the site, AACS admittedly relies upon "a series of too-convenient circumstances."  Memo of Law, p. 5.  AACS further speculates, that "in actuality Defendants likely own [the] domains" for Woookao.com and Woookao.cn.   AACS has not produced any evidence whatsoever to justify relying on rank speculation.

Plaintiffs request that the Court shut down a website and computer program of a third party that is not before this Court is improper.  Plaintiff seeks relief outside the bounds of the Complaint and seeks relief regarding programs, websites and domain names belonging to persons who are not parties to this litigation.  Plaintiff's request is contrary to the Federal Rules of Civil Procedure and violates due process of law.  Rule 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party."  Further, as the Supreme Court has held, "the fundamental requisite of due process of law is

the opportunity to be heard." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (quoting *Grannis v. Ordean*, 234 U. S. 385, 394 (1914)). *See* also Fed. R. Civ. P. 65 (a).

### 3. FTS Is Not Directing The Boooya.org Program To The United States

The addon.exe program available at Boooya.org is not intended for United States users. FTS has removed the English language page from boooya.org. *See* Exhibit 5. Additionally, FTS is implementing IP address blocking for U.S. computers that access boooya.org. Feng Decl. ¶10. Because the conduct is extra-territorial, it cannot be enjoined. *See* cases cited in Section II(A) above.

### 4. The TDMore Programs Were Not Created Or Produced Primarily To Circumvent AACS

The TDMore programs available at TDMore.com are not marketed for AACS circumvention. AACS is not mentioned on the TDMore.com home page or the Blu-ray product pages. Instead, the programs were created to provide users with a wide variety of features for disk copying and conversion. For example, the TDMore DVD Copy program and the TDMore DVD Converter program do not work on Blu-ray discs, and consequently cannot circumvent AACS technology. Feng Decl. ¶12.

The TDMore Blu-ray Copy and TDMore Blu-ray Converter programs provide numerous features unrelated to AACS circumvention. Not all Blu-ray discs are protected by AACS technology. These programs can be used to copy and convert non-AACS content, such as user generated movies stored on Blu-ray discs. Feng Decl. ¶13.

As such, AACS has not demonstrated it is likely to succeed in establishing that the TDMore programs were primarily designed or produced to circumvent AACS, that they have only limited commercially significant purposes other than circumvention, or that they are knowingly marketed to the United States for use in circumvention. Despite this, FTS is removing AACS circumvention from the TDMore programs. Feng Decl. ¶14. As

such, the domain name TDMore.com and the TDMore programs should not be added to the Injunction.

### C. FTS Has A First Amendment Right To Reference The Woookao Program

AACS complains that FTS has referenced the Woookao program on its website, and provided a link to a tutorial explaining how to use it. However, FTS has a First Amendment right of free speech to reference third party programs. In *Universal City Studios, Inc. v. Corley*, 273 F.3d 429 (2d Cir. 2001) the Second Circuit analyzed the free speech issues associated with posting and linking to the DeCSS program. The court carefully analyzed the First Amendment issues associated with posting and linking to the program, but never went so far as to enjoin the defendants from referencing the name of the program, even though Corley had published an article about DeCSS on his website. *Id.*

## CONCLUSION

For the reasons set forth herein, defendant Feng Tao respectfully requests that the Court deny plaintiff's motion in its entirety.

Dated: New York, New York
      October 30, 2014

                **SCHOEMAN UPDIKE KAUFMAN & STERN LLP**

                By: /s/ Nancy J. Mertzel
                    Nancy J. Mertzel
                    551 Fifth Avenue
                    New York, New York 10176
                    (212) 661-5030
                    *Attorneys for Defendant Feng Tao d/b/a Fengtao Software*