UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---

ADVANCED ACCESS CONTENT SYSTEM
LICENSING ADMINISTRATOR, LLC,

                        Plaintiff,

                 v.

LANNY SHEN d/b/a DVDFAB AND
FENGTAO SOFTWARE INC., SUNREG
TECHNOLOGIES LTD. d/b/a DVDFAB AND
FENGTAO SOFTWARE INC., FENG TAO
d/b/a DVDFAB AND FENGTAO SOFTWARE
INC., SHEN XINLAN d/b/a AUDIO-DVD
CREATOR, and JOHN DOE, JANE DOE and/or
XYZ COMPANY d/b/a DVDFAB,
RIPPERBLU-RAY.COM, DVDFABB.COM and
DVDFFAB.COM,

                        Defendants.

NO. 14-cv-1112 (VSB)

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF ADVANCED ACCESS CONTENT SYSTEM LICENSING
ADMINISTRATOR, LLC'S MOTION TO MODIFY THIS COURT'S
MARCH 4, 2014 ORDER FOR PRELIMINARY INJUNCTION**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. AACS LA Is Entitled To A Modification Of the Injunction to Include Actions Defendants Claim To Have Ceased............................................................ 2

    B. AACS LA Is Entitled To Modification of the Injunction To Include Defendants' Marketing of Add-ons ........................................................................ 4

        1. The Requested Modification Does Not Violate Due Process ..................... 4

        2. The Requested Modification Does Not Violate Free Speech ..................... 5

    C. AACS LA Has Established Irreparable Harm ......................................................... 6

        1. AACS LA Has Shown It Will Be Irreparably Injured ................................ 6

        2. Defendants Have Not Shown AACS LA Delayed In Requesting Relief ............................................................................................................ 7

    D. AACS LA Has Established Likelihood of Success on the Merits .......................... 9

III. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De–Mar Food Servs. Inc.*,
   No. 06 Civ. 2142, 2007 WL 4302514 (S.D.N.Y. Dec. 7, 2007) ................................................. 5

*Bose Corp. v. Silonsonnic Corp.*,
   413 F. Supp. 2d 339 (S.D.N.Y. 2006) ..................................................................................... 10

*Bourne v. Walt Disney Co.*,
   02 CIV. 6400 LTSDFE, 2003 WL 721405 (S.D.N.Y. Mar. 3, 2003) ........................................ 8

*Cartier, Inc. v. Four Star Jewelry Creations, Inc.*,
   No. 01 Civ. 11295, 2003 WL 21056809 (S.D.N.Y. May 8, 2003) ............................................ 2

*Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*,
   No. 08 Civ. 5463, 2009 WL 1059647, at *9 (S.D.N.Y. Apr. 17, 2009) .................................... 9

*Citibank, N.A. v. Citytrust*,
   756 F.2d 273 (2d Cir. 1985) ................................................................................................. 8, 9

*Comcast of Illinois X, LLC v. Hightech Elecs. Inc.*,
   No. 03 C 3231, 2004 WL 1718522 (N.D. Ill. July 29, 2004) ................................................... 7

*Echostar Satellite, LLC v. Viewtech, Inc.*,
   543 F. Supp. 2d 1201 (S.D. Cal. 2008) ................................................................................. 6, 7

*Guiness United Distillers & Vintners B.V. v. Anheuser-Bush, Inc.*,
   02 CIV. 0861 (LMM), 2002 WL 1543817 (S.D.N.Y. July 12, 2002) ....................................... 8

*Imagineering, Inc. v. Van Klassens, Inc.*,
   851 F. Supp. 532 (S.D.N.Y. 1994), *aff'd in part and vacated in unrelated part*,
   53 F.3d 1260 (Fed. Cir. 1995) .................................................................................................. 3

*Life Techs. Corp. v. AB Sciex Pte. Ltd.*,
   No. 11 Civ. 325, 2011 WL 1419612, at *7 (S.D.N.Y. Apr. 11, 2011) ...................................... 8

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
   No. C 07-3952, 2010 WL 5598337 (N.D. Cal. Mar. 19, 2010), *aff'd in part
   and vacated in unrelated part*, 658 F.3d 936 (9th Cir. 2011) ................................................ 10

*McGraw-Hill Companies, Inc. v. Ingenium Techs. Corp.*,
   375 F. Supp. 2d 252 (S.D.N.Y. 2005) ................................................................................. 9, 10

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   518 F. Supp. 2d 1197 (C.D. Cal. 2007) .................................................................................... 3

*NFL v. Primetime 24 Joint Venture*,
    211 F.3d 10 (2d Cir. 2000)..................................................................................................10

*NML Capital, Ltd. v. Republic of Argentina*,
    727 F.3d 230 (2d Cir. 2013)..................................................................................................5

*RealNetworks, Inc. v. DVD Copy Control Ass'n*,
    641 F. Supp. 2d 913 (N.D. Cal. 2009) .................................................................................7

*RealNetworks, Inc. v. Streambox, Inc.*,
    No. 2:99CV02070, 2000 WL 127311 (W.D. Wash. Jan. 18, 2000) .........................................7

*Shropshire v. Canning*,
    809 F. Supp. 2d 1139, 1146 (N.D. Cal. 2011) ....................................................................10

*Tom Doherty Assocs., Inc. v. Saban Ent'mnt, Inc.*,
    60 F.3d 27 (2d Cir. 1995) .....................................................................................................8

*U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*,
    No. 00 Civ. 4763, 2006 WL 2136249 (S.D.N.Y. Aug. 1, 2006) ...............................................5

*United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*,
    216 F. Supp. 2d 198 (S.D.N.Y. 2002)..................................................................................10

*Universal City Studios, Inc. v. Corley*,
    273 F.3d 429 (2d Cir. 2001)...............................................................................................5, 6

*Universal City Studios v. Reimerdes*,
    111 F. Supp. 2d 294 (S.D.N.Y. 2000)...................................................................................6

*Vox Amplification Ltd. v. Meussdorffer*,
    CV 13-4922 ADS GRB, 2014 WL 558866 (E.D.N.Y. Feb. 11, 2014), *report
    and recommendation adopted*, 13-CV-4922 ADS GRB, 2014 WL 4829578
    (E.D.N.Y. Sept. 29, 2014)....................................................................................................8

*Weight Watchers Int'l, Inc. v. Luigino's, Inc.*,
    423 F.3d 137 ........................................................................................................................9

**Federal Statutes**

17 U.S.C. § 1201...........................................................................................................................7

17 U.S.C. § 1203(a) .....................................................................................................................7

**Rules**

Fed. R. Civ. P. 65..........................................................................................................................5

AACS LA,[1] by its undersigned attorneys, submits this reply memorandum of law in further support of AACS LA's motion to modify this Court's Preliminary Injunction Order.

## I. PRELIMINARY STATEMENT

Defendants' response to AACS LA's motion to modify the Preliminary Injunction Order confirms that Defendants' primary motivation for appearing in this action is an attempt to forestall any further action by this Court, allowing Defendants to continue marketing and distributing its top-selling DVDFab circumvention software (or the functional equivalent) from its websites, including at DVDFab.cn, to its largest market, the United States.

Specifically, Defendants do not deny what the evidence clearly shows, that: (1) using the domains, TDMore.com and TDMore.cn (registered to Feng Tao), they marketed and distributed TDMore Software (with the same intended functionality of circumventing AACS Technology) and distributed the software into the United States; (2) using the domain Boooya.org (at one time registered to Feng Tao), Defendants promoted an add-on software program, but that this program was not intended for the United States; and (3) Defendants referenced and provided a link to a tutorial explaining how to use the add-on program Woookao (the "Woookao Add-on" found at woookao.com and woookao.cn) to restore AACS-circumvention features to the U.S. NAD version of DVDFab or other Circumvention Software. Defendants nonetheless argue that these activities should not be enjoined because: (1) they have now -- as they represented on May 5th and again on August 1st when confronted with evidence they were distributing DVDFab Software into the United States -- ceased distribution and marketing into the United States of the TDMore Circumvention Software and the Boooya Add-on from Boooya.org; (2) the TDMore

---

[1] Capitalized terms not defined herein have the same meanings set forth in AACS LA's opening brief ("AACS LA Br."). "Opp. Br." refers to Defendants' opposition brief.

programs were not created or marketed primarily for AACS circumvention; and (3) the Woookao Add-on Software is protected free speech under the First Amendment.

Defendants deny other facts, but in clear contravention of documentary evidence, namely that they: (1) ever owned or controlled the websites found at Boooya.com, Woookao.com or Woookao.cn, or the Add-on Software offered at those websites; or (2) made available at BluFab websites Circumvention Software under the Blufab name. Defendants then argue that AACS LA has not shown a likelihood of success on the merits with respect to these claims.

Defendants finally assert overall legal arguments, going to irreparable harm (Plaintiff's delay negates irreparable harm and Plaintiff fails to establish that any injury to Plaintiff cannot be satisfied by money damages) and likelihood of success on the merits (this Court cannot issue a worldwide injunction).

Defendants' position does not comport with the facts on record or the relevant case law.

## II.     ARGUMENT

### A.     AACS LA Is Entitled To A Modification Of the Injunction to Include Actions Defendants Claim To Have Ceased

> [A] bare promise by a party in the course of litigation to discontinue past or ongoing misconduct does not justify denial of injunctive relief, since such unilateral action hardly suffices to ensure that the party will not, in the future, reverse course and resume its challenged activities.[2]

AACS LA has presented evidence that clearly contradicts Defendants' feigned compliance with the Preliminary Injunction Order. On May 5, 2014, Defendants represented to this Court that they had discontinued sales into the United States of DVDFab Software that

---

[2] *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ. 11295, 2003 WL 21056809, at *6 (S.D.N.Y. May 8, 2003) (quoting *Lon Tai Shing Co., Ltd. v. Koch + Lowy*, No. 90 Civ. 4464, 1991 WL 170734, at *38 (S.D.N.Y. June 20, 1991)).

2

circumvents AACS Technology.[3] Despite Defendants' representations, Plaintiff, on May 22, 2014, downloaded DVDFab Software and used it to successfully circumvent AACS Technology of Blu-ray discs containing protected copyrighted motion picture content.[4] Defendants then advised the Court that as of May 30, 2014, Defendants introduced a new version non-AACS-decryption ("NAD") DVDFab Software[5] to distribute to users accessing its website from the United States. Defendants failed to advise this Court that beginning in April 2014, and continuing through early June 2014, they began distributing software that restores AACS Technology circumvention capability to its NAD version of the DVDFab Software and an alter-ego software program marketed under the brand name TDMore.[6] Now that AACS LA has revealed these newly-discovered facts to the Court, Defendants again represent to this Court that they have ceased such activities, rationalizing that a preliminary injunction is not needed.[7]

This Court should not have to rely on Defendants' purported voluntary compliance. Courts must be skeptical of those claiming contrition, which they can easily reverse after denial of an injunction,[8] and "[a]ny doubts in respect of the reach of appropriate injunctive relief should be resolved in favor of an innocent plaintiff and against a willful infringer."[9] Indeed, this Court noted in entering the Preliminary Injunction Order that:

---

[3] Reply Declaration of Feng Tao, dated May 5, 2014 [Doc. No. 40] ("May 5 Feng Tao Decl.") ¶ 16; Reply Memorandum of Law in Support of Motion to Amend Injunction Pursuant to Rule 59(e), dated May 5, 2014 [Doc. No. 39] ("Feng Tao Amend Reply Br."), at 5.
[4] Declaration of Matthew Hewlett, dated May 27, 2014 [Doc. No. 44] ("May 27 Hewlett Decl."), ¶¶ 5-8, Ex. A.
[5] Reply Declaration of Feng Tao, dated Aug. 1, 2014 [Doc. No. 58], ¶¶ 3-5.
[6] AACS LA Br. at 2.
[7] Defendants fail to address the fact that even casual computer users who are sufficiently technologically sophisticated to use Blu-ray and DVD ripping software can purchase the DVDFab Circumvention Software from DVDFab.cn by accessing a proxy server (a server computer that acts as an intermediary to access other servers) or a virtual private network (or "VPN"; a localized network that one can join remotely, such as many business organizations use) located outside the United States to appear to websites they access to be coming from the country in which that proxy server or that VPN is located. *See* Declaration of Matthew Hewlett, dated Oct. 3, 2014 ("Oct. 3 Hewlett Decl.") [Doc. No. 60] ¶ 8.
[8] *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1221-22 (C.D. Cal. 2007).
[9] *Imagineering, Inc. v. Van Klassens, Inc.*, 851 F. Supp. 532, 541 (S.D.N.Y. 1994), *aff'd in part and vacated in unrelated part*, 53 F.3d 1260 (Fed. Cir. 1995).

    The DVDFab Group has already demonstrated its propensity to continue violating the DMCA. Despite AACS's enforcement steps, the DVDFab Group continues to distribute and make its software available for purchase. Indeed, the DVDFab Group appears to have taken active steps to thwart the AACS's enforcement actions.[10]

    Since entry of the Preliminary Injunction Order, Defendants continue to demonstrate their propensity to continue violating the DMCA. As such, this Court should be skeptical of any claims by Defendants to self-correct and modify the Order as requested.

**B.** **AACS LA Is Entitled To Modification of the Injunction To Include Defendants' Marketing of Add-ons**

    **1.** **The Requested Modification Does Not Violate Due Process**

    Defendants claim that amending the Order to include Woookao.com and Woookao.cn would violate due process because AACS LA has not proven Defendants own those domains, the websites or the businesses associated with those websites, but rather relies upon speculation and a "series of too-convenient circumstances."[11]

    Plaintiff has submitted evidence that as of October 3rd when AACS LA brought the instant motion, Woookao.cn was registered to an individual with the email address peterzhang1211@yandex.com,[12] the same email address listed at Boooya.org, a website Defendants admit owning.[13] In what appears to be a desperate attempt to hide this connection, the email address for Woookao.cn has since changed to Dvdfabsuck@qq.com, however, the registrant entity (赖玉旺 Laiyu Wang) remains the same and neither the domain nor the website has changed ownership.[14]

    While Woookao.com is registered with a privacy protection service, Defendants admit

---

[10] March 4, 2014 Hearing Tr. 12:21-13:2 [Doc. No. 24].
[11] Opp. Br. at 12-13.
[12] Oct. 3 Hewlett Decl. ¶ 14, Ex. D.
[13] Opp. Br. at 3. The registrant information for Boooya.org had, for a short period of time, listed Feng Tao.
[14] Declaration of Matthew Hewlett, dated Nov. 4, 2014 ("Supplemental Hewlett Decl.") ¶ 5, Ex. A.

4

that it automatically directs to Woookao.cn,[15] indicating that the websites are under common ownership. Moreover, Woookao.com and Woookao.cn are the only two websites that share the IP address 58.96.169.157, which is another indication that they are commonly owned.[16] This evidence is more than speculation and in the face of Defendants' simple denials, AACS LA has met its burden of showing that Woookao.com and Woookao.cn are owned and/or controlled by Defendants or are defendants agents. Defendants' unsupported denials in the face of this undisputed evidence cannot, without more, rebut this evidence.[17]

In any event, Rule 65, concerning injunctions and restraining orders, provides by its terms that such orders bind not only those parties to an action but also nonparties who receive actual notice and "who are in active concert or participation with" a party to whom the injunction or restraining order applies.[18] While such injunctions do not directly restrain the conduct of nonparties, they do provide nonparties with notice that "they could become liable through Rule 65 if they assist… in violation the court's orders. Thus, an injunction granted pursuant to Rule 65 automatically forbids others -- not directly enjoined but who receive notice of the order and act "in active concert or participation" with an enjoined party -- from assisting in its violation.[19]

### 2. The Requested Modification Does Not Violate Free Speech

Defendants, relying on *Universal City Studios, Inc. v. Corley*, claim that its mere references to the Woookao Add-on software and websites are protected by the First Amendment right to free speech.[20] Defendants' reliance is misplaced. The Second Circuit in *Corley* upheld a preliminary injunction that prohibited two types of speech: (1) posting DeCSS or any

---

[15] Opp. Br. at 3.
[16] Supplemental Hewlett Decl. ¶ 4.
[17] *See e.g. See AFL Fresh & Frozen Fruits & Vegetables, Inc. v. De–Mar Food Servs. Inc.*, No. 06 Civ. 2142, 2007 WL 4302514, *4–5 (S.D.N.Y. Dec. 7, 2007); *U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, No. 00 Civ. 4763, 2006 WL 2136249, at *4 (S.D.N.Y. Aug. 1, 2006)
[18] *See* Fed. R. Civ. P. 65.
[19] *NML Capital, Ltd. v. Republic of Argentina,* 727 F.3d 230, 243 (2d Cir. 2013).
[20] Opp. Br. at 14.

technology for circumventing CSS on any Internet website; and (2) knowingly linking any Internet website to any other website containing DeCSS.[21] The court explained:

> Although the prohibition on posting prevents the Appellants from conveying to others the speech component of DeCSS, the Appellants have not suggested, much less shown, any technique for barring them from making this instantaneous worldwide distribution of a decryption code that makes a lesser restriction on the code's speech component."[22]

In any event, Defendants do more than reference the name of a program – rather, they explicitly promote the Woookao Add-on by instructing DVDFab users how to enable AACS Technology circumvention in an "obvious hope[] to frustrate plaintiffs' recourse to the judicial system by making effective relief difficult or impossible."[23] In addition, and as discussed above, Defendants in the instant case own and/or control the Woookao websites and programs, and thus any modification to the Injunction enjoining these websites clearly do not violate any rights under the First Amendment.

## C. AACS LA Has Established Irreparable Harm

### 1. AACS LA Has Shown It Will Be Irreparably Injured

Defendants' argument that AACS LA has not shown irreparable harm because it has no rights in the copyrighted content AACS Technology is designed to protect[24] conflates copyright *infringement* claims under Section 501 *et. seq.* (the "Copyright Act") with circumvention claims under Section 1201 *et. seq.* (the Digital Millenium Copyright Act "DMCA"). Whereas the Copyright Act protects exclusive rights of the copyright owner, the relevant provisions of the DMCA protect against circumvention of the "technological measure that protects the copyrighted work[s]" of movie studios and other copyright owners[25] and gives any person who

---

[21] 273 F.3d 429, 453 (2d Cir. 2001).
[22] *Id.* at 454.
[23] *Universal City Studios v. Reimerdes*, 111 F. Supp. 2d 294, 313 (S.D.N.Y. 2000).
[24] Opp. Br. at 5.
[25] *Echostar Satellite, LLC v. Viewtech, Inc.*, 543 F. Supp. 2d 1201, 1205-06 (S.D. Cal. 2008)

has been "injured" by a violation of the DMCA standing to sue.[26] Several district courts have held that standing under the DMCA is not limited to the copyright holder, but includes the entity that "controls access to copyrighted material."[27]

The type of harm AACS LA is likely to suffer has been found to constitute irreparable harm in in *RealNetworks, Inc. v. Streambox, Inc.*,[28] a case with markedly similar facts. The court granted RealNetworks' request for a preliminary injunction against Streambox, stating:

> The VCR circumvents RealNetworks' security measures, and will necessarily undermine the confidence that RealNetworks' existing and potential customers have in those measures. It would not be possible to determine how many of RealNetworks' existing or potential customers declined to use the company's products because of the perceived security problems created by the VCR's ability to circumvent RealNetworks' security measures.[29]

Defendants misconstrue the holding in *RealNetworks v. DVD Copyright Control Association*[30] where the statement that the purpose of copyright law "is not to protect the business model of any particular company" arose in the context of a fair use analysis and is irrelevant to the issue of irreparable harm.[31]

### 2. Defendants Have Not Shown AACS LA Delayed In Requesting Relief

Defendants also argue that AACS LA cannot show irreparable harm, claiming AACS LA delayed in seeking relief by more than four months after learning of the Woookao program.[32] Defendants' position is not supported by the facts in the record or the relevant law.

Although AACS LA has been aware of the Woookao Add-on since May 2014, it was not aware that the Woookao Add-on was a product of the Defendants at that time. As explained in

---

[26] 17 U.S.C. § 1203(a).
[27] *Echostar Satellite,* 543 F. Supp. 2d at 1205-06; *see also Comcast of Illinois X, LLC v. Hightech Elecs. Inc.*, No. 03 C 3231, 2004 WL 1718522, at *6 (N.D. Ill. July 29, 2004) ("[A]s Comcast controls access to copyrighted material and is a person injured from a violation of 17 U.S.C. § 1201, we conclude that it can bring suit pursuant to the DMCA").
[28] *RealNetworks, Inc. v. Streambox, Inc.*, No. 2:99CV02070, 2000 WL 127311, at *1 (W.D. Wash. Jan. 18, 2000).
[29] *Id.* at *10.
[30] *RealNetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913 (N.D. Cal. 2009).
[31] *Id.* at 943.
[32] Opp. Br. at 7.

7

AACS LA's Moving Brief, Defendants undertook elaborate machinations to conceal the source of and their connection to this software, including removing the copyright notice "Copyright © 2003-2014 Fengtao Sofwar…" from the software and altering the registration information for the domains tied to the Woookao and BOOOYA Add-ons.[33] Only in September 2014 did AACS LA discover that Defendants were promoting the Woookao Add-on and the BOOOYA Add-on as a means of restoring AACS-circumvention capabilities to DVDFab Software sold and distributed into the United States.[34] At this time, AACS LA swiftly moved to modify the Preliminary Injunction Order.

It is well settled that "a delay caused by a plaintiff's good faith efforts to investigate an infringement does not rebut the presumption of irreparable harm."[35] Defendants' gross misrepresentation that that *Life Techs. Corp. v. AB Sciex Pte. Ltd*, stands for the proposition that courts in this Circuit typically decline to grant a preliminary injunction in the face of delays of more than two months,[36] leaves out a key word in the actual quotation, which reads "courts typically decline to grant preliminary injunctions in the face of ***unexplained*** delays of more than two months."[37] The relevant inquiry is not simply how much time has passed from the infringement to the filing of a lawsuit, but rather the reason for the delay.

In *Citibank*, which is cited by Defendant Feng Tao to show that a time period of as little as ten weeks may be sufficient to defeat the presumption of irreparable injury, the ten week

---

[33] AACS LA Br. at 5-7.
[34] *See* Oct. 3 Hewlett Decl. ¶ 10, Ex. C.
[35] *Tom Doherty Assocs., Inc. v. Saban Ent'mnt, Inc.*, 60 F.3d 27, 39-40 (2d Cir. 1995) (4 month delay to investigate facts insufficient to defeat finding of irreparable harm); *see also Vox Amplification Ltd. v. Meussdorffer*, CV 13-4922 ADS GRB, 2014 WL 558866 (E.D.N.Y. Feb. 11, 2014), *report and recommendation adopted*, 13-CV-4922 ADS GRB, 2014 WL 4829578 (E.D.N.Y. Sept. 29, 2014); *Bourne v. Walt Disney Co.*, 02 CIV. 6400 LTSDFE, 2003 WL 721405 (S.D.N.Y. Mar. 3, 2003); *Guiness United Distillers & Vintners B.V. v. Anheuser-Bush, Inc.*, 02 CIV. 0861 (LMM), 2002 WL 1543817 (S.D.N.Y. July 12, 2002)
[36] Opp. Brief at 8.
[37] *Life Techs. Corp. v. AB Sciex Pte. Ltd.*, No. 11 Civ. 325, 2011 WL 1419612, at *7 (S.D.N.Y. Apr. 11, 2011) [emphasis added].

period was after Citibank had "learned directly of [defendant's] plans, and *more than nine months* after it received notice" of defendant's plans in the press.[38] The *Weight Watchers* decision, also cited by Defendant Feng Tao for the ten week limit goes on to state, in the very next sentence, that the Second Circuit has "[b]y contrast . . . held that a short delay does not rebut the presumption where there is a good reason for it, as when a plaintiff is not certain of the infringing activity or has taken additional time to examine the infringing product."[39]

Defendants have failed to make a showing that Plaintiff had any unexplained delays, let alone delays sufficient to defeat a finding of irreparable harm.

### D. AACS LA Has Established Likelihood of Success on the Merits

Defendants claim that AACS LA seeks a "worldwide injunction that would prevent [Defendants] from selling its software from China to overseas purchasers"[40] because such an injunction seeks to shut down programs, websites and domain names that are also used for overseas sales.[41] Through this argument, Defendants attempt to use its illegal activities throughout the world as a shield to enjoin those same activities directed to and felt within the United States.

Defendants' newly-discovered actions support this Court's exercise of jurisdiction over Defendants in that the actions are "felt within the United States."[42] The court in *McGraw-Hill Companies, Inc. v. Ingenium Techs. Corp.*, involving copyright infringement on an Internet site, found that "an injunction that applies to activities felt within the United States" does not violate

---

[38] *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (emphasis added).
[39] *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 144-45 (finding that while "Weight Watchers did not act as promptly as it could have, the delay here, in all the circumstances, does not require denial of the modification it seeks.").
[40] Opp. Br. at 8.
[41] *Id.*
[42] *Centrifugal Force, Inc. v. Softnet Commc'n, Inc.*, No. 08 Civ. 5463, 2009 WL 1059647, at *9 (S.D.N.Y. Apr. 17, 2009).

the limitation on extraterritorial application of copyright law.[43] That court cited with approval an earlier decision finding that a motion to dismiss a claim under the Copyright Act based on extraterritoriality "border[ed] on the frivolous" where "the allegedly infringing material was accessible from computers within the United States and [the plaintiff was] prepared to prove that the defendants' alleged copyright infringement had an effect within the United States."[44] In a number of other instances, courts have remedied violations of the Copyright Act whose effects were felt in the United States through injunctions reaching actions beyond the United States. For example, in *NFL v. Primetime 24 Joint Venture* the Second Circuit upheld an injunction against retransmission of telecasts of NFL football games outside the U.S. to remedy illegal retransmission of those telecasts in Canada.[45] Similarly, in *Bose Corp. v. Silonsonnic Corp.*, a court in this District enjoined the defendant's use of the plaintiff's copyrights or trademarks on websites to sell its goods throughout the world outside the United States and Canada.[46] In at least two additional cases, courts have held that Internet data activity and sales into the United States are sufficient to bring acts emanating from abroad within the jurisdiction of the Copyright Act.[47]

### III. CONCLUSION

Based upon the foregoing, Plaintiff AACS LA respectfully requests that this Court issue an order amending the Preliminary Injunction Order.

---

[43] 375 F. Supp. 2d 252, 257 (S.D.N.Y. 2005).
[44] *United Feature Syndicate, Inc. v. Miller Features Syndicate, Inc.*, 216 F. Supp. 2d 198, 225 (S.D.N.Y. 2002).
[45] 211 F.3d 10, 11, 13 (2d Cir. 2000).
[46] 413 F. Supp. 2d 339, 341 (S.D.N.Y. 2006).
[47] *See Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1146 (N.D. Cal. 2011); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, No. C 07-3952, 2010 WL 5598337, at *2-3 (N.D. Cal. Mar. 19, 2010), *aff'd in part and vacated in unrelated part*, 658 F.3d 936 (9th Cir. 2011).

| | | |
|---|---|---|
| Dated: | New York, New York<br>November 4, 2014 | Respectfully submitted,<br><br>DAVIS WRIGHT TREMAINE LLP<br><br>By:  /s/ G. Roxanne Elings<br><br>G. Roxanne Elings<br>(RoxanneElings@dwt.com)<br>George Wukoson<br>(GeorgeWukoson@dwt.com)<br>1633 Broadway, 27th Floor<br>New York, New York 10019<br>Telephone: (212) 489-8230<br>Facsimile: (212) 489-8340<br><br>James D. Nguyen<br>(jimmynguyen@dwt.com)<br>Sean M. Sullivan<br>(seansullivan@dwt.com)<br>865 S. Figueroa Street, Suite 2400<br>Los Angeles, California 90017<br>Telephone: (213) 633-6800<br>Facsimile: (213) 633-6899<br><br>*Attorneys for Plaintiff Advanced Access Content System Licensing Administrator, LLC* |