```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/17/2015__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADVANCED ACCESS CONTENT SYSTEM :
LICENSING ADMINISTRATOR, LLC,     :
                                  :
                       Plaintiff, :
                                  :      14-CV-1112 (VSB)
           - against -            :
                                  :      **AMENDED**
LANNY SHEN d/b/a DVDFAB and       :      **PRELIMINARY INJUNCTION**
FENGTAO SOFTWARE INC., SUNREG     :      **ORDER**
TECHNOLOGIES LTD d/b/a DVDFAB and :
FENGTAO SOFTWARE INC., FENG TAO   :
d/b/a DVDFAB and FENGTAO SOFTWARE :
INC., SHEN XINLAN d/b/a AUDIO-DVD :
CREATOR, and JOHN DOE, JANE DOE,  :
and/or XYZ COMPANY d/b/a DVDFAB,  :
RIPPERBLUERAY.COM, DVDFABB.COM,   :
and DVDFFAB.COM,                  :
                                  :
                       Defendants.:
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Advanced Access Content System Licensing Administrator, LLC ("Plaintiff" or "AACS LA"), having previously moved by Order to Show Cause for an order preliminarily enjoining defendants Lanny Shen d/b/a DVDFab and Fengtao Software Inc., SunReg Technologies Ltd. d/b/a DVDFab and Fengtao Software Inc., Feng Tao d/b/a DVDFab and Fengtao Software Inc., Shen Xinlan d/b/a/ Audio-DVD Creator, and John Doe, Jane Doe and/or XYZ Company d/b/a DVDFab, RipperBlu-ray.com, DVDFabb.com and DVDFfab.com ("Defendants"), during the pendency of this Action, from manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof capable of circumventing AACS LA's integrated set of technological measures (the "AACS Technology") that protects copyrighted works – namely, motion pictures and television programming embodied on high-definition optical discs (Blu-ray discs and formerly, HD DVDs)

1

- from unauthorized access and unauthorized exercise of the copyright owners' rights under the Copyright Act; and further ordering, to effect the requested relief, that, during the pendency of this Action, Defendants' websites and the domain names used in conjunction therewith (listed below), be disabled by the appropriate domain name registries or registrars, Plaintiff having properly served all Defendants with the Complaint, Order to Show Cause, Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction, Proposed Preliminary Injunction Order, and Plaintiff having been granted a preliminary injunction on March 4, 2014, now moves to modify the scope of that preliminary injunction (the "Motion to Modify"); and

The Court having reviewed the Notice of Motion to Modify and memoranda of law and supporting declarations and exhibits submitted therewith in support of the Motion to Modify; Defendant Tao's opposition to the Motion to Modify and memoranda of law and supporting declarations and exhibits submitted therewith in support of Defendant Tao's opposition; and Plaintiff's reply memorandum of law and supporting declarations and exhibits submitted therewith in support of Plaintiff's reply, the Court now finds with respect to Defendants:

1. Plaintiff has demonstrated that it is entitled to injunctive relief by establishing: (1) a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial; (2) a likelihood of irreparable harm in the absence of an injunction; (3) that the balance of hardships tips in Plaintiff's favor; and (4) that the public interest is not disserved by the issuance of the injunction;

2. With respect to likelihood of success on the merits, Plaintiff has demonstrated that it is likely to succeed in showing that:

> a. Defendants have violated 17 U.S.C. § 1201(a)(2) in that Defendants manufacture, import, offer to the public, provide, or otherwise traffic in at least

      the following software packages and/or individual software products contained therein: (1) DVDFab Blu-ray Ripper (3D plus); (2) DVDFab Blu-ray Copy; (3) DVDFab Blu-ray to DVD Converter; (4) DVDFab HD Decrypter; (5) Passkey for Blu-ray; (6) Passkey Lite; (7) BluFab Blu-ray Converter; (8) BluFab Blu-ray Copy; (9) BluFab Blu-ray to DVD Converter; (10) TDMore Blu-ray Converter; (11) TDMore Blu-ray Copy; (12) DVDFab Passkey 8; (13) Woookao and (14) Boooya (collectively, these specifically listed products are the "DVDFab Software"), which are each of the following (any one of which is sufficient to establish a violation of 17 U.S.C. § 1201(a)(2)):

    i. primarily designed or produced for the purpose of allowing users to circumvent (by decrypting encrypted works, or otherwise avoiding, bypassing, removing, deactivating, or otherwise impairing, without the authority of the copyright owner) the AACS Technology's measures that effectively control access to a copyright-protected work;

    ii. without commercially significant purposes or uses other than to circumvent the AACS Technology's measures that effectively control access to a copyright-protected work; and

    iii. marketed, offered for sale and/or sold by or on behalf of Defendants with Defendants explicitly stating the DVDFab Software is for use to circumvent the AACS Technology's measures that effectively control access to a copyright-protected work.

b. Defendants have violated 17 U.S.C. § 1201(b)(1) in that they manufacture, import, offer to the public, provide, or otherwise traffic in the DVDFab

3

>   Software products, which are each of the following (any one of which is sufficient to establish a violation of 17 U.S.C. § 1201(b)(1)):
>
>   i. primarily designed or produced to circumvent (by avoiding, bypassing, removing, deactivating, or otherwise impairing) the AACS Technology's measures that effectively protect a right of a copyright owner under the Copyright Act in a work or a portion thereof;
>
>   ii. without commercially significant purposes or uses other than to circumvent the AACS Technology's measures that effectively protect a right of a copyright owner under the Copyright Act in a work or a portion thereof; and
>
>   iii. marketed, offered for sale and/or sold by or on behalf of Defendants with Defendants explicitly stating the DVDFab Software is for use to circumvent the AACS Technology's measures that effectively protect a right of a copyright owner under the Copyright Act in a work or a portion thereof;

3. With respect to likelihood of irreparable harm, Plaintiff has demonstrated that:

   a. AACS LA's primary purpose is to provide a content protection system to facilitate the lawful distribution and exploitation of copyrighted content, in high-definition optical media format, in a safe environment.

   b. The AACS content protection system relies on the trust of all members of the AACS "ecosystem" (including the content providers, licensed content producers, consumer electronics manufacturers and providers of media player software), and ensuring that only licensed members of that ecosystem have

access to the technological measures (such as encryption and decryption keys) required to play copyright-protected content from an authorized Blu-ray disc (and HD DVDs). Defendants' manufacturing, importing, offering to the public, providing or otherwise trafficking in the DVDFab Software causes irreparable harm to AACS LA because it undermines the integrity of AACS LA's license agreements with the members of the AACS "ecosystem," undermines the trust placed in AACS LA by the copyright owners and other members of the AACS ecosystem, and thus undermines the very existence of the AACS content protection system. Among other things, the DVDFab Software allows users to remove all AACS Technology protections for the content on Blu-ray discs (and HD DVDs), create a digital file copy of that high-definition quality content and then easily distribute that digital file to other users (such as through Internet methods of distribution). Because the AACS Technology protections have been removed, such digital files of content made from Blu-ray discs (and HD DVDs) would be left "in the clear" and have no protection from AACS Technology. Those unprotected digital files can be copied to new physical discs, which can be further distributed and serially reproduced, and can be (and often are) widely and quickly distributed through the Internet, including through Internet file-sharing sites and networks, cyberlockers and streaming sites, to large numbers of users worldwide who can easily re-copy and redistribute the file, and who can play the content even on unauthorized playback devices and unauthorized media player software, resulting in massive copyright infringement. This significantly harms the

content owners' ability to control their intellectual property rights, and allows unfettered infringement of copyrights in the content the AACS system is designed to protect; and

c. If Defendants' manufacturing, importing, offering to the public, providing or otherwise trafficking of the DVDFab Software is not stopped, it will also incentivize other persons or entities to develop other similar technologies or products that circumvent the AACS Technology because there will be a perceived lack of enforcement and/or repercussion from such actions;

4. With respect to the balance of the hardships, Plaintiff has demonstrated that enjoining Defendants' trafficking in products that circumvent the AACS Technology, in which illegal activity Defendants have no legitimate interest, will not present any cognizable hardship to Defendants;

5. Plaintiff has thus demonstrated that injunctive relief is appropriate; and thus

IT IS HEREBY ORDERED that Defendants, their officers, agents, attorneys, servants, employees, and any persons in active concert or participation with them are preliminary enjoined and restrained from:

(a) manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof capable of circumventing the AACS Technology – including but not limited to the DVDFab Software (the "Circumventing Activities");

(b) moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the DVDFab Software, Defendants' assets and operations, and/or the following domain names: DVDFab.com, DVDFab.net, DVDIdle.com, 3d-video-

converters.com, 3dBluRay-ripper.com, Blu-Ray-ripper.us, Blu-Ray-Software.us, BluRayripper.jp, BluRaysbs3d.com, BluRaysoft.jp, CopyBluRay.us, DVDFab.jp, DVDFab9.com, DVDvideosoft.jp, kopiersoftware.com, macBluRaycopy.com, mourlife.com, readtechnews.com, sbs3d.com, sbs3dconverter.com, sbs3dcopy.com, sbs3dripper.com, tracehotnews.com, videoconverter.jp, wollytech.com, xn--dvd-ti4bzc1jla2oj3ne.com, 2d-3d-converter.com, copyDVDsoftware.us, sbs3dcreator.com, DVDFab.de, audio-dvd-creator.com, ripperBluRay.com, DVDFabb.com, DVDFfab.com, Woookao.com, Woookao.cn., Boooya.org, TDMore.com, DVDFab.cn, BluFab.com, BluFab.cn and FabImg.net (collectively, the "DVDFab Domain Names" and the websites located or operated at those domain names shall be collectively referenced as the "DVDFab Websites"); and

(c) removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to the DVDFab Domain Names, the DVDFab Websites or the DVDFab Software, and/or Defendants' assets and operations or relating in any way to the manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof capable of circumventing the AACS Technology (including but not limited to the DVDFab Software); and it is further

ORDERED that Defendants shall not conduct or participate in any of the Circumventing Activities through any website, social media or social networking site or service, or other online service or platform, or through any offline means; and it is further

ORDERED that Defendants shall disable and cease use of the DVDFab Domain Names, the DVDFab Websites, and the social media or online service accounts associated with, and any pages, profiles, or channels located at, the following URLs:

> facebook.com/dvdfab,
> twitter.com/DVDFabber,
> youtube.com/user/dvdfabber,
> plus.google.com/+dvdfabber,
> twitter.com/ilikedvdfab,
> facebook.com/ilikedvdfab,
> facebook.com/pages/DVDfab/401104376571433,
> plus.google.com/116839689416981316917,
> plus.google.com/116256375140138372991,
> twitter.com/dvdfabofficial,
> www.facebook.com/dvdfabber,
> twitter.com/BluFab,
> facebook.com/pages/BluFab/492370837541754,
> facebook.com/blufabsoftware,
> twitter.com/tdmoresoftware,
> facebook.com/tdmoresoftware,
> youtube.com/user/tdmorestudio

(the "DVDFab Social Media Accounts"); and it is further

ORDERED that, in accordance this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., Public Interest Registry, Japan Registry Service Co., Ltd. (JPRS), DENIC Verwaltungs- und Betriebsgesellschaft eG (DENIC), China Internet Network Information Center (CNNIC) and/or the individual registrars holding or listing one or more of the DVDFab Domain Names, and who receive actual notice of this Order, shall, within three (3) days of receipt of this Order, temporarily disable such domain names, or any subset

of the DVDFab Domain Names specified by Plaintiff, through a registry hold or otherwise, and make them inactive and non-transferable pending further order from this Court; and it is further

ORDERED that any third party service providers providing services to Defendants in connection with any of the DVDFab Domain Names, the DVDFab Websites or the DVDFab Social Media Accounts, including without limitation, web hosting providers, social media or other online service providers (including without limitation, Facebook, Twitter, YouTube and Google+), back-end service providers, web designers, distributors, search-based online advertising services (such as through paid inclusion, paid search results, sponsored search results, sponsored links, and Internet keyword advertising), and any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions which receive or process payments or hold assets on Defendants' behalf (including without limitation, Avangate Inc., Avangate B.V., PayPal, MyCommerce, DR MyCommerce, Inc., Alipay, Western Union, PayEase, IPS Ltd., Realypay, WorldPay, Opus Payments, Amazon Payments, WorldPay, Money Gram International, WebMoney, Visa, MasterCard, Discover, American Express, Visa Electron, Maestro, Solo, Laser, and Carte Bleue) for any Defendant or any of the DVDFab Domain Names or the DVDFab Websites, who receive actual notice of this Order, shall, within three (3) days of receipt of this Order, cease or disable providing such services to: (i) Defendants in relation to the DVDFab Software and/or any other products or services that circumvent the AACS Technology; and (ii) any and all of the DVDFab Domain Names, the DVDFab Websites or DVDFab Social Media Accounts; and it is further

ORDERED that any third party persons or entities who are members or participants in Defendants' "DVDFab affiliate program" (whereby affiliates earn commissions by promoting or selling the DVDFab Software) and who receive actual notice of this Order, shall, within three (3)

days of receipt of this Order, cease offering to the public, providing, promoting, selling or otherwise trafficking, on their websites or through any other means, in the DVDFab Software and/or any other products or services offered by Defendants that circumvent the AACS Technology; and it is finally

ORDERED that this Preliminary Injunction Order shall remain in effect until disposition of this action.

SO ORDERED.

Dated: March 17, 2015
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge