UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ADVANCED ACCESS CONTENT SYSTEM                              :
LICENSING ADMINISTRATOR, LLC,                               :
                                                            :
                           Plaintiff,                       :    14-CV-1112 (VSB)
                                                            :
            - against -                                     :    **OPINION & ORDER**
                                                            :
                                                            :
LANNY SHEN d/b/a DVDF AB AND                                :
FENGTAO SOFTWARE INC., SUNREG                               :
TECHNOLOGIES LTD. d/b/a DVDFAB                              :
AND FENGTAO SOFTWARE INC., FENG                             :
TAO d/b/a DVDFAB AND FENGTAO                                :
SOFTWARE INC., SHEN XINLAN d/b/a                            :
AUDIO-DVD CREATOR, and JOHN DOE,                            :
JANE DOE and/or XYZ COMPANY d/b/a                           :
DVDFAB, RIPPERBLURA Y.COM, DVDF                             :
ABB.COM and DVDFF AB.COM,                                   :
                                                            :
                           Defendants.                      :
                                                            :
------------------------------------------------------------X

Appearances:

G. Roxanne Elings
James Nguyen
Lauren Danielle Toaltoan
Davis Wright Tremaine LLP
New York, New York

George Pearson Wukoson
Ziff Davis, LLC
*Counsel for Plaintiff*

Michael Cukor
McGeary Cukor LLC
New York, New York
*Counsel for Defendant Feng Tao*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Advanced Access Content System Licensing Administrator, LLC ("AACS LA" or "Plaintiff"), initiated this action by simultaneously filing a complaint and obtaining an order to show cause ("OTSC") why a preliminary injunction should not issue against Defendants Lanny Shen d/b/a DVDFab and Fengtao Software Inc.; SunReg Technologies Ltd. d/b/a DVDFab and Fengtao Software Inc.; Feng Tao d/b/a DVDFab and Fengtao Software Inc.; Shen Xinlan d/b/a Audio-DVD Creator; and John Doe, Jane Doe and/or XYZ Company d/b/a DVDFab, ripperBluray.com, DVDFabb.com and DVDFfab.com (collectively, "Defendants"), for violations of the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. §§ 1201 *et seq.*, in connection with Defendants' trafficking of products designed to circumvent Plaintiff's encryption technology. Before me is the motion of Feng Tao[1] to dismiss the complaint pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.[2] For the reasons that follow, Feng Tao Tao's motion is DENIED.

---

[1] Feng Tao styles his motion as one brought on behalf of Defendants Feng Tao and Fengtao Software Inc. (*See* Doc. 136.) The Complaint, however, does not explicitly name "Fengtao Software Inc." as a Defendant, and "Feng Tao d/b/a Fengtao Software" is the only Defendant to have filed an appearance in the matter to date. (*See* Docs. 27, 104.) Other than Feng Tao, named Defendants are Lanny Shen d/b/a DVDFab and Fengtao Software Inc.; SunReg Technologies Ltd. d/b/a DVDFab and Fengtao Software Inc.; Shen Xinlan d/b/a Audio-DVD Creator; and John Doe, Jane Doe and/or XYZ Company d/b/a DVDFab, ripperBluray.com, DVDFabb.com and DVDFfab.com. Feng Tao admits to owning DVDFab.com, DVDFab.net, DVDIdle.com, 3d-videoconverters.com, 3dBluRay-ripper.com, Blu-Ray-ripper.us, Blu-Ray-Software.us, BluRayripper.jp, BluRaysbs3d.com, BluRaysoft.jp, CopyBluRay.us, DVDFab.jp, DVDFab9.com, DVDvideosoft.jp, kopiersoftware.com, macBluRaycopy.com, mourlife.com, readtechnews.com, sbs3d.com, sbs3dconverter.com, sbs3dcopy.com, sbs3dripper.com, tracehotnews.com, videoconverter.jp, wollytech.com, xn--dvd-ti4bzc1jla2oj3ne.com, 2d-3dconverter.com, copyDVDsoftware.us, sbs3dcreator.com, DVDFab.de, audio-dvd-creator.com, ripperBluRay.com, DVDFabb.com and DVDFfab.com (the "DVDFab Domain Names"). (*See* Feng Tao Decl. ¶¶ 7–8.) "Feng Tao Decl." refers to the Declaration of Feng Tao in Support of Motion to Vacate Clerk's Default, filed June 20, 2014. (Doc. 49.)

[2] Although Feng Tao brings his motion pursuant to Rules 12(b)(5), 12(b)(4) and 12(b)(2), he does not allege that there are insufficient contacts with the forum such that the Court cannot assert jurisdiction over him for the purposes of this action (*i.e.*, a challenge under Rule 12(b)(2)), nor does he allege any issues with the form of process (*i.e.*, a challenge under Rule 12(b)(4)). *See infra* Section III. Feng Tao instead moves to dismiss for insufficient service of process, which is properly brought under Rule 12(b)(5), and—as discussed in more detail below—all other grounds for the motion are duplicative or unsupported. *See Jackson v. City of New York*, No. 14-CV-5755 (GBD)(KNF), 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (distinguishing between objections pursuant to 12(b)(2), 12(b)(4) and 12(b)(5)).

## I. Background and Procedural History

I assume the parties' familiarity with this case and refer the parties to my prior Memorandum & Order (the "3/16/15 M&O") for a recitation of the full factual background. (*See* Doc. 87.)

On February 21, 2014, Plaintiff filed its Complaint, alleging trafficking in violation of 17 U.S.C. §§ 1201(a)(2) and 1201(b)(1). (Doc. 2.) On the same day, I granted Plaintiff leave to serve process by email. (Doc. 3.) Also on the same day, Plaintiff sought a preliminary injunction against Defendants, and I ordered that Defendants show cause why such an order should not be entered. (Doc. 4.)

Defendants failed to appear at the OTSC hearing on March 4, 2014, and I granted Plaintiff's request to preliminarily enjoin Defendants from, among other things, trafficking in any technology capable of circumventing AACS LA's encryption technology in violation of the DMCA (the "PI Order"). (Doc. 21.) On March 18, 2014, the Clerk's Office entered default against all Defendants. (Doc. 26.) On April 1, 2014, Feng Tao appeared in this action through counsel, (Doc. 27), and moved to amend the PI Order, (Doc. 28). On June 20, 2014, Feng Tao moved to set aside the Clerk's entry of default against him. (Doc. 47.)

On March 16, 2015, I issued the 3/16/15 M&O denying Feng Tao's motions to vacate the Clerk's entry of default and to amend the PI Order to narrow its scope. (Doc. 87.) The next day, I amended the PI Order to include the additional circumvention products, domain names, websites, and social media accounts identified by Plaintiff (the "Amended PI Order"). (Doc. 88.)

On March 30, 2015, Feng Tao moved for reconsideration of the 3/16/15 M&O. (Doc. 89.) Plaintiff opposed the reconsideration motion. (Docs. 92–93.) After I heard oral argument from both parties, I denied Feng Tao's motion for reconsideration on May 24, 2016.

(Doc. 108.)

On April 21, 2016, while Feng Tao's motion for reconsideration was pending, I issued an order directing Defendants to show cause why the Amended PI Order should not be further amended to include certain new brands and Defendants should not be held in contempt. (Doc. 96.) Feng Tao opposed this motion, (Doc. 110), and I held a show cause hearing on June 1, 2016. Plaintiff's motion to amend remains pending.

On June 21, 2016, Feng Tao filed notice of interlocutory appeal of the 3/16/15 M&O. (Doc. 121.) On appeal, Feng Tao argued, among other things, that the Second Circuit should vacate the preliminary injunction and entry of default on the ground that service was improper. *See Advanced Access Content Sys. Licensing Adm'r, LLC v. Feng Tao*, 689 F. App'x 661, 661–62 (2d Cir. 2017) (summary order). On June 22, 2017, the Second Circuit affirmed my orders that, among other things, rejected Feng Tao's attempts to vacate the Clerk's entry of default. *Id.* Although the Second Circuit indicated that Feng Tao had arguably forfeited his argument that service was improper, it declined to consider that issue on appeal because it "was never litigated, but still could be raised, below." *Id.* at 662.

On July 21, 2017, at my request, the parties filed a joint letter on the status of the case. (Doc. 127.) In light of the Second Circuit's ruling on the Clerk's entry of default, Plaintiff stated its intention to move for default judgment against Feng Tao. (*Id.*) Feng Tao likewise represented his intention to move to dismiss based on insufficient service of process. (*Id.*) The parties appeared before me on August 8, 2017 to discuss their anticipated motions, and I granted them leave to file their motions on parallel briefing schedules. (Doc. 133.) On September 11, 2017, Feng Tao filed his motion to dismiss and supporting materials. (Docs. 136–37.) On October 2, 2017, Plaintiff filed its opposition, (Doc. 145), and supporting materials, (Docs. 146–

48). On October 27, 2017, Feng Tao filed a reply in further support of his motion. (Doc. 151.)

On September 12, 2017, Plaintiff filed its motion for default judgment, (Doc. 138), and supporting declarations, (Docs. 139–40). On October 2, 2017, Feng Tao submitted his opposition to the motion for default judgment, (Doc. 144), accompanying memorandum of law, (Doc. 145), and supporting declarations, (Docs. 146–48). On October 27, 2017, Plaintiff filed its reply in further support of its motion for default judgment. (Doc. 151.)

The parties appeared before me on November 9, 2017 to discuss the pending motions. At the conference, I held Plaintiff's motion for default judgment, (*see* Doc. 138), and motion to amend the Amended PI Order, (*see* Doc. 96), in abeyance of my decision on Feng Tao's motion to dismiss for insufficient services of process—*i.e.*, this motion.

## II. <u>Legal Standard</u>

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Jackson*, 2015 WL 4470004, at *4 (quoting 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1353 (3d ed. 2004)). Thus, where "movants do not assert noncompliance with Rule 4(b), dealing with the content of the summons, or otherwise challenge the form of the process[,] . . . their motion is not governed by Rule 12(b)(4)." *Id.*; *see also* Wright & Miller, supra, § 1353 ("Other than those cases in which it is confused with a motion under Rule 12(b)(5), a motion under Rule 12(b)(4) is fairly rare."). Although Feng Tao has challenged service under both Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure, his arguments do not identify substantive deficiencies in the summons, complaint, or accompanying documentation; thus, Feng Tao's motion is governed by Rule 12(b)(5).

When a defendant moves for dismissal for inadequate service of process pursuant to Rule

5

12(b)(5), the plaintiff "bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). In considering a motion to dismiss pursuant to Rule 12(b)(5), the court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether it has jurisdiction and service was proper. *See Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003).

### III. <u>Discussion</u>

Feng Tao argues that service of process was inadequate because Plaintiff (i) should have effected service through the Hague Convention, (Def.'s Mem. 6–12),[3] and (ii) failed to comply with Rule 4(f)(3) by serving documents in English by email on a defendant in China, (*id.* at 12–14).[4] I address each of these arguments in turn.

#### A. *The Hague Convention*

The parties agree that the United States and China are signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters

---

[3] "Def.'s Mem." refers to the Memorandum of Law in Support of Defendants Feng Tao's and Fengtao Software Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(5), 12(b)(4), and 12(b)(2) of the Federal Rules of Civil Procedure, filed September 11, 2017. (Doc. 137.)

[4] Plaintiff also argues that Feng Tao has waived the right to move to dismiss for improper service of process. (Pl.'s Opp. 12–15.) I assume, without deciding, that Feng Tao has properly raised his arguments in a pre-answer motion to dismiss. However, I note that the defense of insufficient service of process "may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939). "Courts have typically held that actual knowledge of a suit coupled with extensive participation in pretrial proceedings will result in a waiver of the defense, especially where the delay has operated to the plaintiff's detriment." *Arthur Williams, Inc. v. Helbig*, No. 00 CIV. 2169 SHS, 2001 WL 536946, at *2 (S.D.N.Y. May 21, 2001) (collecting cases). Here, Feng Tao admits that he received the summons and complaint by email on February 25, 2014, (Feng Tao Decl. ¶ 12), and on February 26, 2014, a lawyer from Weiss & Moy, P.C. contacted Feng Tao and offered its legal services because Feng Tao was being sued in the United States, (*id.* ¶ 13). Feng Tao also extensively participated in this action without previously filing a 12(b) motion, including through submitting letters, briefing five substantive motions (three brought by Feng Tao and two by AACS LA), filing an interlocutory appeal to the Second Circuit, and appearing before me five times over a three-year period. However, because I find that service of process in this case was proper and comports with due process, I do not decide whether Feng Tao's conduct in this case constitutes a waiver. "Pl.'s Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendant Fengtao Software d/b/a DVDFab and Fengtao Software Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(5), 12(b)(4) and 12(b)(2), filed October 2, 2017. (Doc. 145.)

("Hague Convention") and that, unless there is a reason the Hague Convention does not apply, the Hague Convention and Rule 4(f) of the Federal Rules of Civil Procedure required Plaintiff to serve Feng Tao using Hague Convention procedures. Feng Tao argues that Plaintiff was required to use the Hague Convention because Defendants' addresses were known for the purposes of service of process. (Def.'s Mem. 6–12.) I disagree.

### 1. Applicable Law

The Hague Convention does not apply "where the address of the person to be served with the document is not known." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, art. I; *see also S.E.C. v. Lines*, No. 07 Civ. 11387(DLC), 2009 WL 3179503, at *3 (S.D.N.Y. Oct. 2, 2009) ("As Article I of the Hague Convention quite understandably recognizes, it shall not apply where the address of the person to be served with the document is not known." (internal quotation marks omitted)). Courts in this Circuit have found an address is "not known" if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so. *See, e.g.*, *Philip Morris USA Inc. v. Veles Ltd.*, No. 06 CV 2988(GBD), 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (granting plaintiff's request to allow service by email after an investigation did not uncover valid physical addresses for service of process); *Prediction Co. v. Rajgarhia*, No. 09 Civ. 7459(SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) (granting plaintiff's request to serve Indian defendant through United States-based counsel where plaintiff had "actively, though unsuccessfully, attempted to obtain [Indian defendant's] address in a variety of ways" in order to serve under the Hague Convention).

## 2. Application

Here, I granted Plaintiff leave to serve process by alternative means pursuant to Rule 4(f)(3), (Doc. 3), which permits service in a place not within any judicial district of the United States "by other means not prohibited by international agreement, as the court orders," Fed. R. Civ. P. 4(f)(3); *see also Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) ("The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." (internal quotation marks omitted)). At that time, Plaintiff had conducted an investigation into the physical addresses used by Feng Tao on the various DVDFab websites and/or in connection with registering the DVDFab Domain Names in an attempt to determine whether these addresses were valid for service of process. (*See* 2017 Hewlett Decl. ¶ 2.)[5] Plaintiff's investigators also conducted additional investigation, without success, to uncover Plaintiff's physical addresses. (*Id.* ¶ 4.) For example, Plaintiff's researched the DVDFab websites associated DVDFab Domain Names, completed multiple Internet-based searches, called known phone numbers, and conducted in-person visits where reasonable. (*See id.* ¶¶ 7–8.)

I find that Plaintiff was reasonably diligent in its investigation into Defendants' physical addresses, and thus complied with Article I of the Hague Convention. *See Prediction Co.*, 2010 WL 1050307, at *2. Feng Tao's arguments to the contrary are without merit, and I address each one below.

First, Feng Tao submits affidavits and exhibits that purport to demonstrate that Feng Tao owns or owned properties at (i) No. 38, Haidian District, Geijing, China; and (ii) 1316

---

[5] "2017 Hewlett Decl." refers to the Declaration of Matthew Hewlett in Opposition to Defendants Feng Tao's and Fengtao Software Inc.'s Motion to Dismiss Pursuant to Rules 12(b)(5), 12(b)(4) and 12(b)(2), filed October 2, 2017. (Doc. 148.)

8

JiShengBieShu, XiSanQi Beijing, China (the "Subject Properties"). This evidence, however, does not shed any light on whether Plaintiff exercised reasonable diligence in attempting to discover a physical address for Defendants for service of process under the Hague Convention. *See Microsoft Corp. v. Does*, No. 12-CV-1335 (SJ)(RLM), 2012 WL 5497946, at *2 (E.D.N.Y. Nov. 13, 2012) (concluding that plaintiffs used "diligent efforts" to identify defendants who "operate[d] via the Internet" and had "sophisticated means to conceal their identities and locations," and thus the Hague Convention was "not applicable"). Further, Feng Tao does not demonstrate that this information was public or readily available to Plaintiff at the time it attempted to locate Defendants for the purposes of service.

Second, Feng Tao argues that Plaintiff was required to first attempt service under the Hague Convention, even if Plaintiff believed service at a particular address would be ineffective. As an initial matter, Feng Tao does not cite any authority in this Circuit to support his argument, (*see* Def.'s Mem. 10–11), and courts in this Circuit have allowed service by email after a reasonable investigation did not uncover valid physical addresses for service under the Hague Convention, *see, e.g.*, *Philip Morris*, 2007 WL 725412, at *3. Moreover, the out-of-Circuit cases cited by Feng Tao each involved a key factual distinction; in those cases, the plaintiff did not argue that the physical address of the person to be served was unknown. *See Blumedia Inc. v. Sordid Ones BV*, No. 10–cv–01158–MSK–KLM, 2011 WL 42296, at *2 (D. Colo. Jan. 6, 2011) (concluding that plaintiff failed to show that defendant's whereabouts were "unknown" after it had obtained a business address for defendant in the United States and in the Netherlands); *Harper v. W.W. Grainger, Inc.*, No. 3:12–CV–97, 2013 WL 2470751, at *4 (W.D. Ky. June 7, 2013) (determining that plaintiff could use alternative means of service after attempting service multiple times under the Hague Convention to no avail); *Midmark Corp. v. Janak Healthcare*

9

*Private Ltd.*, No. 3:14–cv–088, 2014 WL 1764704, at *3 (S.D. Ohio May 1, 2014) (finding that plaintiff could otherwise comply with the Hague Convention and failed to show that service by email was necessary because the defendant was not "an international e-business scofflaw, playing hide-and-seek with the federal court"). Because Plaintiff exercised reasonable diligence in attempting to discover a physical address for Defendants, Defendants' address was "unknown" for the purposes of service under the Hague Convention. Accordingly, Plaintiff was not required to effect service through the Hague Convention.

### B. *Rule 4(f)(3) and Due Process*

Feng Tao also argues that Plaintiff's method of service—email service of English language documents—fails to comply with Rule 4(f)(3) and due process. (Def.'s Mem. 12–14.) Again, for the reasons that follow, I disagree.

#### 1. Applicable Law

Rule 4(f)(3) allows a court to authorize service of process on an individual in a foreign country by any means not prohibited by international agreement. "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015) (internal quotation marks omitted). "The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement." *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04 Civ. 9641(RCC), 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005). Even if facially permitted by Rule 4(f)(3), "the proposed means of service must comport with constitutional notions of due process," *AMTO, LLC*, 2015 WL 3457452, at *4 (internal quotation marks omitted), which requires "notice reasonably calculated, under all the circumstances, to apprise interested parties

of the pendency of the action and afford them an opportunity to present their objections," *Luessenhop v. Clinton Cty., N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006) (internal quotation marks omitted).

## 2. Application

I find that Plaintiff's method of service, email service of English language documents—which I authorized on February 21, 2014—both complies with Rule 4(f)(3) and due process. First, the method of service complies with Rule 4(f)(3), which allows the court to direct service on an individual in a foreign country by any means not prohibited by international agreement. Feng Tao does not point to any international agreement that prohibits the method of service in this case, and argues only that "email service violated the laws of [China]" and that "China has opted out of postal service under the Hague Convention." (Pl.'s Opp. 14.) Even if true, the fact that email service does not comport with Chinese law or instructions from the Chinese government under the Hague Convention is inapposite to the Rule 4(b)(3) inquiry, which requires only that service is not prohibited by international agreement. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement," and "no other limitations are evident from the text."); *AMTO, LLC*, 2015 WL 3457452, at *4 (same).

Second, the method of service complies with due process. Feng Tao contends that service of English language documents on a Chinese defendant "violates constitutional norms of due process."[6] (Def.'s Mem. 13.) However, there is substantial evidence in the record to show

---

[6] Feng Tao does not argue that email service does not comply with due process. Indeed, courts in this Circuit have found service by email to be "constitutionally acceptable" and to satisfy due process. *See, e.g.*, *Philip Morris*, 2007 WL 725412, at *2–3 (concluding that "service by email and fax . . . was reasonably calculated to apprise defendants of the pendency of this action").

11

that Feng Tao regularly conducts business in English—for example, many of Feng Tao's websites are in English and accept payment in U.S. dollars. (2014 Hewlett Decl. ¶¶ 8–9, 12, 15–17, 19; *id.* Exs. B–D, F, H–L.; *see also* Pl.'s Opp. 22–23.)[7] One such website even stated that "Judge Broderick from a New York federal court ruled the suspension of DVDFab," which indicates Feng Tao's understanding that a preliminary injunction had issued.[8] (*See* 2014 Hewlett Decl. ¶ 15.) Notably, Feng Tao does not dispute Plaintiff's argument that Feng Tao regularly conducts business in English, nor does he address any of Plaintiff's arguments as to due process in his reply brief. Accordingly, I find that email service of English language documents provided Feng Tao "notice . . . of the pendency of the action and afford[ed] [him] an opportunity to present [his] objections." *Luessenhop*, 466 F.3d at 269.

---

[7] "2014 Hewlett Decl." refers to the Declaration of Matthew Hewlett in Opposition to Defendant Feng Tao d/b/a DVDFab and Fengtao Software Inc.'s Motion to Amend Injunction Pursuant to Rule 59(c), filed April 21, 2014. (Doc. 33.)

[8] Moreover, Feng Tao submitted a declaration shortly after appearing in this action, in English, that further demonstrates Feng Tao's understanding that he had been sued. (Feng Tao Decl. ¶ 35 ("Before I decide whether I will defense this case in full on the merits, I would like a legal ruling on whether I am personally subject to the jurisdiction of the United States courts, whether it was proper for me to be served by mail, and whether the injunction exceeds the Court's power.").)

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss the Complaint for insufficient service of process is DENIED. The parties are directed to appear for a conference on November 2, 2018 at 10:30 a.m. to discuss Plaintiff's motion for default judgment and motion to amend the Amended PI Order. The Clerk of Court is respectfully directed to terminate the pending motion at Document 136.

SO ORDERED.

Dated: September 30, 2018
  New York, New York

_____
Vernon S. Broderick
United States District Judge